David Arron **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, State.

Nos. 2–93–382–CR, 2–93–383–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 23, 1994.

Discretionary Review Refused April 26, 1995.

David L. Richards, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty. and Betty Marshall, Charles M. Mallin, Sylvia Mandel, and Mike Parrish, Fort Worth, for appellee.

Before HILL, C.J., and FARRIS and HICKS, JJ.

## OPINION

HILL, Chief Justice.

David Arron Hernandez appeals his convictions by a jury for the offenses of the aggravated robbery and aggravated kidnapping of C.T. The jury, finding that Hernandez had previously been convicted of a felony, assessed his punishments at life for the aggravated robbery conviction and life and a $10,000 fine for the aggravated kidnapping conviction. Hernandez contends in five points of error that: (1) the trial court erred by failing to return venue to Tarrant County following defense counsel's showing that Tarrant County was no longer subject to the same conditions that originally required the transfer; (2) the trial court erred in permit-

ting the State to introduce evidence of an extraneous sexual assault of Y.M.; (3) the trial court erred in failing to instruct the jury, in connection with the issue as to whether Hernandez voluntarily released the victim, C.T., alive and in a safe place, to the effect that the determination should not be viewed from a standpoint of the physical condition of C.T., but must be viewed solely from the conduct of the accused; and (4) the trial court erred in failing to provide an instruction on the lesser-included offense of robbery.

We affirm because: (1) the trial court did not err in failing to return venue to Tarrant County after Hernandez had agreed to change of venue to Galveston County because the change of venue was not ordered pursuant to article 31.03(a) of the Texas Code of Criminal Procedure, so that article did not apply, and, in any event, the section was not designed to apply to agreed changes of venue such as occurred in this case; (2) the trial court did not err in admitting evidence concerning Hernandez's sexual assaults on Y.M. that occurred during her kidnapping because they related to Hernandez's motive in participating in these two offenses; (3) the trial court did not abuse its discretion in determining that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice; (4) Hernandez failed to show harm in the trial court's failure to submit to the jury an instruction relating to the perspective the jury was to use to determine the issue of whether C.T. was released while she was alive and in a safe place, inasmuch as there was no evidence that C.T. was ever released nor evidence that, if she was released, she was released in a safe place; and (5) the trial court did not err in failing to give a charge on the lesser-included offense of robbery because there was no evidence that if Hernandez is guilty he is guilty only of the lesser-included offense of robbery.

Hernandez and his cousin, Servando Pachecano, Jr., robbed an optical store in Fort Worth. Following the robbery, the men forced Y.M. and C.T., two female employees at the store, to leave with them in Y.M.'s vehicle. Subsequently, Pachecano parked the car in a secluded area and led C.T. away from the car and towards a white building. Thirty minutes to an hour later Pachecano returned to the car without C.T. and told Hernandez that he had tied her up. He advised Hernandez that they must leave because C.T. would soon be able to get loose. C.T.'s body was later found in the white building to which Y.M. had seen Pachecano lead C.T. She died as the result of suffocation caused by the presence of a gag in her mouth and duct tape around the area of her mouth and nose.

The evening of the robbery, Hernandez rented a motel room in Grand Prairie, where he and Pachecano both sexually assaulted Y.M. The next day, Pachecano indicated that he wanted to kill Y.M., but Hernandez persuaded him to let her live. They later released her within a block of her home. Upon her release, Hernandez gave her money so that she could make a phone call.

Hernandez contends in point of error number one that the trial court erred by failing to return venue to Tarrant County following his defense counsel's showing that Tarrant County was no longer subject to the same conditions that originally required the transfer of the trial to Galveston County.

Hernandez, with the State's consent, moved to change venue in his cases from Tarrant to Galveston County, pursuant to TEX.CODE CRIM.PROC.ANN. art. 31.03 (Vernon 1989) "in the interest of justice" due to anticipated prejudicial pretrial publicity, and because such publicity would require the sequestration of the jurors, causing an unnecessary expense and unnecessary stress on the jurors. The trial court granted Hernandez's motion, finding that the interests of justice would be met, noting that the State had consented, and finding that the grounds for the motion were legally sufficient.

After venue was transferred, Hernandez pled guilty to a jury to the offense of aggravated sexual assault of Y.M. The jury assessed his punishment at ninety-nine years and a fine of $10,000. Following the return of that jury's verdict, Hernandez moved for a return of the venue in these cases to Tarrant County based upon the provisions of article 31.03(a)(2). He alleged that anticipated trial

publicity had not occurred, and that therefore Tarrant County and its adjoining districts were not subject to the same conditions that required the transfer. The trial court denied his motion.

Article 31.03(a) provides that one may obtain a change of venue by filing a motion, supported by affidavits of the defendant and at least two credible persons who are also residents of the county where the prosecution is instituted, showing that there exists in that county so great a prejudice against the defendant that he cannot expect a fair trial or that he cannot expect a fair trial because there is a dangerous combination against him instigated by influential persons. That section further provides that an order changing venue to a county beyond an adjoining district shall be grounds for reversal if, upon timely contest by the defendant, the record of the contest shows that any county in his own and the adjoining district is not subject to the same conditions. *Id.* art. 31.03(a).

Article 31.03(b) provides that for the convenience of the parties and witnesses, and in the interest of justice, the court upon motion of the defendant and with the consent of the attorney for the State may transfer the proceeding as to him to another district. *Id.* art. 31.03(b).

■ It appears that in this case the transfer was made under the provisions of article 31.03(b) rather than article 31.03(a). Hernandez did not allege any of the necessary allegations under article 31.03(a), nor was his motion supported by any affidavit. He did allege that he was making the motion in the interest of justice, and noted the inconvenience and expense of sequestering a large number of jurors. He also noted that his motion was made with the consent of the State. The provision relied upon by Hernandez to require the return of venue to Tarrant County appears to apply only to those changes of venue made pursuant to article 31.03(a), not to those made pursuant to article 31.03(b). Consequently it has no application to the case at bar.

■ Even if this were a change of venue made pursuant to article 31.03(a), the provision would still have no application here.

The purpose of the provision was to allow the defendant to protest when a change of venue was unnecessarily granted to a distant location. *See id.* art. 31.01 interp. commentary (Vernon 1989). It has no application to a situation such as that presented here where the defendant and the State have agreed to a change of venue to a distant location. We overrule point of error number one.

■ Hernandez urges in points of error numbers two and three that the trial court erred by allowing testimony concerning an extraneous offense, the aggravated sexual assault of Y.M. "Background evidence" is admissible if it is determined that it is relevant under Texas Rules of Criminal Evidence 401 and if it is determined that it should be admitted as an exception under rule 404(b). *Rogers v. State,* 853 S.W.2d 29, 32 (Tex.Crim. App.1993) (op on reh'g).

■ Rule 401 of the Texas Rules of Criminal Evidence provides that " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R.CRIM.EVID. 401. Testimony concerning the sexual assault on Y.M. was offered as proof of Hernandez's motive for his participation in the robbery and kidnapping of C.T. with which he was charged. We hold that this evidence was relevant to his motive for these offenses.

Because the evidence was relevant to Hernandez's motive for committing the offenses for which he was on trial, it was properly admitted under rule 404(b).

Hernandez urges the facts do not support the State's argument that the assaults were admissible on the issue of motive. The fact that Y.M. and the other victim were both kidnapped in the robbery, and the fact that Y.M. was sexually assaulted repeatedly during the time she remained restrained by Hernandez and his companion, constitute a factual basis to support the State's argument that the opportunity to sexually assault Y.M. was part of Hernandez's motive for participation in the offenses against C.T.

■ Hernandez also argues that the evidence should not have been admitted because its probative value was substantially outweighed by the danger of unfair prejudice, so that its admission would be in violation of rule 403 of the Texas Rules of Criminal Evidence.

We must presume, for the purpose of our analysis under rule 403, that relevant evidence will be more probative than prejudicial. *Montgomery v. State,* 810 S.W.2d 372, 389 (Tex.Crim.App.1991) (op. on reh'g). In reviewing the trial court's decision to admit testimony in light of an objection based upon rule 403, we are to use an abuse of discretion standard. *Id.* at 391.

■ We are not to conduct a *de novo* review of the record and make a wholly independent judgment whether the probative value of the evidence is outweighed by the danger of unfair prejudice. *Id.* at 392. Instead we must measure the trial court's ruling against the relevant criteria by which a rule 403 decision is to be made. Where relevant criteria, viewed as objectively as possible, leads to the conclusion that the danger of unfair prejudice substantially outweighed the probative value of the proffered evidence, we should declare that the trial court erred in failing to exclude it. *Id.*

■ Several of the factors that must be taken into account when determining whether the danger of undue prejudice outweighs the probative value of the evidence are set forth in *Montgomery,* 810 S.W.2d at 389–90. These include: (1) how compellingly evidence of the extraneous misconduct serves to make more or less probable a fact of consequence (its inherent probativeness); (2) the potential of the other "crimes, wrongs, or acts" to impress the jury in some irrational but nevertheless indelible way; (3) how much trial time does the proponent need to develop evidence of the extraneous conduct; and (4) how great the proponent's need is for the evidence. *Id.*

■ In this case the "fact of consequence" is whether Hernandez was motivated to participate in this crime by a desire for sexual relations with one or both of the women kidnapped in the course of the robbery. The evidence of the sexual relations between Hernandez and Y.M., when considered with the fact that she was kidnapped at the time of the robbery, constitutes relatively compelling circumstantial evidence that Hernandez was in part motivated to participate in these crimes by a desire to have sexual relations with Y.M. There is no question but that the proof of the sexual relations Hernandez would have with Y.M. could impress the jury in some irrational but nevertheless indelible way. Proof of these matters did not require a great deal of trial time.

The final factor, that of the proponent's need for the evidence, breaks down into three subparts: (1) does the proponent have other available evidence to establish the fact of consequence that the extraneous misconduct is relevant to show?; (2) If so, how strong is that other evidence?; and (3) Is the fact of consequence related to an issue that is in dispute?

The State in this case had no other way to prove that Hernandez had sexual motives in participating in these offenses other than showing his conduct with Y.M. during the course of the criminal episode. His mental state at the time of these offenses was in dispute.

Considering all of the factors as set forth in *Montgomery,* we hold that the trial court did not abuse its discretion by admitting evidence of Hernandez's sexual assaults on Y.M. into evidence. We overrule points of error numbers two and three.

■ Hernandez argues in point of error number four that the trial court erred in failing to charge the jury that in considering the mitigating issue as to whether C.T. was voluntarily released alive and in a safe place, it must be viewed, weighed, and determined solely from the conduct of the accused and not as to possibilities within speculated grasps of the victim. Inasmuch as there is no evidence in this case that C.T. was ever released, nor any evidence that she was released in a safe place, Hernandez has not shown he was entitled to the charge. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1985) (op. on reh'g). We overrule point of error number four.

Hernandez insists in point of error number five that the trial court erred by failing to give the jury a charge on the lesser-included offense of robbery. In order for a defendant to be entitled to a charge on a lesser-included offense, the lesser-included offense must be included within the proof necessary to establish the offense charged, and there must be some evidence in the record that if the defendant is guilty he is not guilty of the alleged offense but is only guilty of the lesser-included offense. *Mitchell v. State*, 807 S.W.2d 740, 741 (Tex.Crim.App. 1991). Prior to trial, the State waived all theories of aggravated robbery except that alleging the use of a deadly weapon. Since the undisputed evidence showed that both Hernandez and his cousin used firearms in the robbery, there is no evidence that if Hernandez is guilty he is only guilty of the lesser-included offense of robbery. TEX.PENAL CODE ANN. §§ 29.02–.03 (Vernon 1994). Hernandez refers us to evidence showing that he did not intend to assist Pachecano in inflicting serious bodily injury on C.T. As we have noted, the infliction of serious bodily injury was not the aggravating factor alleged in this case. Consequently, any showing that Hernandez did not intend to assist in the infliction of bodily injury was not evidence that if he were guilty he was guilty only of the lesser-included offense of robbery. We overrule point of error number five.

The judgment is affirmed.