**Terry MITCHELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 264–90.**

Court of Criminal Appeals of Texas.

March 13; 1991.

Rehearing Overruled May 1, 1991.

Floyd W. Freed, III, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, Susan Baetz, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

The appellant was convicted by a jury on an indictment charging burglary of a habitation, V.T.C.A. Penal Code, § 30.02(a)(1), enhanced by a prior felony conviction, V.T.C.A. Penal Code, § 12.42(c). The jury, upon finding the enhancement allegations to be true, assessed punishment at confinement in the Department of Criminal Justice, Institutional Division for a term of twenty (20) years. The Fourteenth Court of Appeals affirmed his conviction in an unpublished opinion. *Mitchell v. State*, No. C14–89–00534–CR, 1990 WL 4225 (Tex. App.—Houston [14th Dist.] delivered January 18, 1990).

■ We granted appellant's petition for discretionary review[1] to determine whether the trial court reversibly erred in denying appellant's request for a charge on Criminal Trespass, V.T.C.A. Penal Code, § 30.05, as a lesser included offense under the provisions of V.A.C.C.P. art. 37.09.[2]

The record reflects that the appellant was discovered by the complainant at approximately 5:30 a.m. standing in complainant's attached carport, reaching into an enclosed tool cabinet. The appellant testified in his own defense and stated that a few minutes before he entered onto the complainant's property, he had been the victim of a theft in which he had been swindled out of ten dollars. The appellant claimed that the thief ran between a convenience store and a gas station, and that he began pursuing him on foot. He saw the alleged thief jump a fence surrounding the complainant's back yard, and the appellant followed. After entering the complainant's back yard, the appellant did not see the alleged thief, so he walked towards the complainant's open garage, where he thought the thief might be hiding. The appellant testified that after entering the complainant's garage area, he reached for a crowbar in order to defend himself should he find the thief hiding in the darkness.

In determining whether a charge on a lesser included offense is required, we established in the case of *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Cr.App.1975), a two step analysis. "First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense." *Id; see also Aquilar v. State*, 682 S.W.2d 556, 558 (Tex.Cr.App.1985).

1. Tex.R.App.P. 200(c)(3).

2. Article 37.09, V.A.C.C.P., provides:
   An offense is a lesser included offense if:
   (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
   (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
   (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
   (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

The first prong of *Royster* is satisfied. Under the facts of this case, the offense of criminal trespass is a lesser included offense of burglary. *See Day v. State*, 532 S.W.2d 302 (Tex.Cr.App.1975) (analyzing the elements of burglary and criminal trespass). The second prong of *Royster*, whether there was some evidence that, if guilty, the appellant was guilty of only the lesser included offense of criminal trespass, is also satisfied.

▮ Appellant testified that he did not intend to commit theft of the complainant's property. He also testified on cross-examination that he did not have permission from any property owner to run through their yards, including the fenced yard of the complainant.[3] If the facts adduced at trial raise the lesser included offense and a charge is properly requested, then a charge on the issue must be given. *Day, supra,* at 306. A defendant's testimony alone may be sufficient to raise the issue of the lesser included offense. *Id.* In this case, the testimony of the appellant raised the issue of the lesser included offense of criminal trespass. The trial court erred by refusing to submit the requested charge on criminal trespass.

This Court's holding in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App. 1984), stated that "[i]f the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is 'calculated to injure the rights of the defendant,' which means no more than that there must be *some* harm to the accused from the error." *Id;* *see also Hayes v. State*, 728 S.W.2d 804, 808–10 (Tex.Cr.App.1987); *Moreno v. State*, 702 S.W.2d 636, 641 (Tex.Cr.App. 1986). The appellant was clearly harmed in this case because the jury was not allowed to consider the lesser included offense of criminal trespass in conjunction with the charge of burglary of a habitation. The trial court should have sustained the defendant's objection to the charge and included in its charge instruction on the lesser included offense of criminal trespass.

Appellant's ground for review is sustained. The judgment of the court of appeals is reversed and the case is remanded to the trial court.

McCORMICK, P.J., and WHITE, J., concur in the result.

---

3. The criminal trespass statute, V.T.C.A. Penal Code, § 30.05 specifies that fencing is notice that entry is forbidden.