Keith Emery JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 0178–95.

Court of Criminal Appeals of Texas, En Banc.

June 7, 1995.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Lester Blizzard and Bill Hawkins, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

A jury convicted Appellant of the offense of aggravated robbery and assessed punishment at confinement for fifteen years. On appeal the Court of Appeals reversed due to the failure to charge on a lesser included offense of robbery after the Appellant had met the test enunciated in *Rousseau v. State,* 855 S.W.2d 666 (Tex.Cr.App.1993), and that set forth in *Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App.1981). *Jones v. State,* 888 S.W.2d 869 (Tex.App.—Houston [1st], 1994).

The State has petitioned for discretionary review arguing that since Appellant denied committing any species of robbery, admitting only to committing theft, and the victims testified that Appellant was guilty of aggravated robbery, there was no evidence raising the issue of robbery.

The Court of Appeals handed down its decision on October 6, 1994. We handed down our decision in *Bignall v. State,* 887 S.W.2d 21 (Tex.Cr.App.1994), on September 14, 1994 but did not deny rehearing until November 16, 1994. The Court of Appeals in the case at bar did not have the benefit of that most recent case dealing with this issue.

It is our opinion therefore that the cause should be remanded to the Court of Appeals so that consideration may be had of our most recent pronouncement in the area of consideration. By this action we intimate no decision as to the appropriate outcome or the consideration which must be given the referenced case.

Accordingly, the judgment of the Court of Appeals is vacated and the cause remanded to that court for further proceedings consistent with this opinion.

OVERSTREET, J., dissents.

MALONEY, Judge, dissenting.

The majority remands this case to the Court of Appeals for reconsideration in light of *Bignall v. State,* 887 S.W.2d 21 (Tex.Crim. App.1994). Because the Court of Appeals' holding is consistent with our reasoning in *Bignall,* I cannot agree that additional judicial resources need be wasted on a remand. The State's petition should be refused.

The defendant in *Bignall* was convicted of aggravated robbery. Although the store clerk testified that the defendant had a gun, there was testimony from witnesses that no gun was ever found on the defendant or in his vehicle which was searched within an hour of the offense, and the defendant testified that he had not had a gun. *Bignall,* 887 S.W.2d at 23. The question presented was whether the defendant was entitled to an instruction on the lesser included offense of theft. The Court of Appeals held that since the defendant's evidence indicated that he was not guilty of *any* offense, he was not entitled to an instruction on the lesser included offense. We discredited that theory, emphasizing that a defendant is entitled to an instruction if there is evidence from *any* source raising the issue, regardless of the defendant's own testimony. *Id.* at 24. This is consistent with a policy of liberally permitting instructions on lesser included offenses. *Id.*

In the instant case the complainant testified that appellant wielded a gun in the process of stealing her van. Following chase and capture of the stolen vehicle, no gun was found therein or along the chase route. Appellant testified that he had not had a gun and was not trying to steal the van, but was only trying to escape from someone who had threatened him. The Court of Appeals held that appellant was entitled to an instruction on the lesser included offense of robbery because the jury could have believed his testimony that he did not have a gun.

The State argues in its petition for discretionary review that "since Appellant denied committing any species of robbery, admitting only to committing theft, and the victims testified that Appellant was guilty of aggravated robbery, there was no evidence raising the issue of robbery." Majority op. Having expressly rejected in *Bignall* the theory presented by the State in the instant petition, there is no basis upon which the Court of Appeals could do other than simply affirm its previous holding that appellant was entitled to the instruction. Although there is language in its opinion which is contrary to our holding in *Bignall,* the Court of Appeals was consistent with *Bignall* in its ultimate conclusion that the instruction should have been given. A remand under these facts and circumstances is effort without necessity. Accordingly, I dissent to the majority's remand of this case.

CLINTON and MANSFIELD, JJ., join.