**Ned JONES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–96–00649–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 20, 1997.

David Cook, Stephen Newhouse, Houston, for Appellant.

John B. Holmes, Eric Kugler, Houston, for Appellee.

Before SCHNEIDER, ANDELL and TAFT, JJ.

## OPINION

SCHNEIDER, Justice.

The appellant, Ned Jones, was found guilty of robbery by a jury; after the appellant pleaded true to two enhancement paragraphs, the jury assessed punishment at 99-years imprisonment. On appeal, the appellant complains that (1) the trial court erred in denying his request for an instruction on misdemeanor assault and misdemeanor theft and (2) the evidence was legally insufficient to sustain a conviction for robbery. We reverse and remand.

## FACTS

Michelle Yancey, the complainant, testified that on February 4, 1995, she was working as a loss prevention investigator at Fiesta. Yancey worked in the store's security office monitoring shoppers and employees via cameras that were located throughout the store. While processing some paperwork, Yancey glanced at the monitor and noticed the appellant in the health and beauty aids department. The appellant picked up some items, concealed them in his pocket, passed the cash registers, and headed towards the front door without paying for the items. Yancey went to the front exit accompanied by two co-workers, Marcus and Elmer. Yancey confronted the appellant outside the store and identified herself as security. The three of them escorted the appellant back into the store. Marcus and Elmer had the appellant by the arm while Yancey followed them.

When the four of them approached the bakery area inside the store approximately one minute later, the appellant resisted, punched Yancey in the face, and bit Marcus' chest. The appellant broke Yancey's glasses and injured Elmer's wrist. At that point, Sergeant Harold Lenzy, who had been upstairs with another shoplifter, came down and subdued the appellant. According to Lenzy, the appellant was the aggressor. Once they were in the office, they recovered deodorant, Blistex, and Ben Gay from the appellant. These items are normally kept in the health and beauty aids aisle. The appellant did not have consent to take these items without paying for them.

The appellant contradicted Yancey's testimony. The appellant testified that while his wife was in another part of the store, he picked up some deodorant, Ben Gay, and Blistex. The appellant was apprehended before he got out of the store. Yancey had one of his arms behind his back, and Marcus had the other one. Two other men ran up to them and began to hit the appellant. The appellant denied hitting Yancey. He testified that he did not intend to steal any items and that he was acting in self-defense.

## LESSER INCLUDED INSTRUCTION

### A. Error Analysis

In point of error one, the appellant complains the trial court erred in denying his request for an instruction on misdemeanor assault and misdemeanor theft. We must apply a two-prong test to determine whether a defendant is entitled to a charge on a lesser included offense: (1) the lesser included offense must be included within the proof necessary to establish the offense charged and

(2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty of only the lesser offense. *Bignall v. State,* 887 S.W.2d 21, 23 (Tex.Crim.App.1994); *Jones v. State,* 921 S.W.2d 361, 364 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). In determining whether a defendant is entitled to a charge on a lesser included offense, we must consider all the evidence presented. *Id.* If a defendant either presents evidence that he committed no offense or presents no evidence, and there is no evidence otherwise showing he is guilty only of a lesser included offense, then a charge on a lesser included offense is not required. *Bignall,* 887 S.W.2d at 24; *Jones,* 921 S.W.2d at 364.

In this case, in proving robbery, the State proved the theft from the Fiesta store and the assault upon Yancey. Thus, the lesser included offenses of theft and assault were included within the proof necessary to establish the charged offense of robbery. *See Royster v. State,* 622 S.W.2d 442, 447 (Tex. Crim.App.1981) (op. on reh'g).

■ Under the second prong of the test, the appellant was entitled to a charge on the lesser included offense of theft if there was some evidence that would permit a jury rationally to find that the appellant committed the theft, but not the assault. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a charge on a lesser included offense. *Jones,* 921 S.W.2d at 364. The appellant testified that he did not commit an assault in the store and was merely acting in self-defense. Yancey testified that she saw the appellant conceal several items in his pocket, pass the cash registers, and leave the store without paying for those items and without the store's consent. We conclude that such testimony is some evidence that would permit a rational jury to find the appellant guilty only of the lesser included offense of theft.

■ The appellant was also entitled to a charge on the lesser included offense of assault if there was some evidence that would permit a jury rationally to find that the appellant committed the assault, but not the theft. The appellant testified that he did not intend to steal any items. Yancey testified

that the appellant punched her in the face. We conclude that such testimony is some evidence that would permit a rational jury to find that the appellant is guilty only of the lesser included offense of assault.

**B. Harm Analysis**

■ Because the second prong of the test has been met, the trial court erred in not submitting jury instructions on the lesser included offenses of misdemeanor assault and misdemeanor theft. We must, therefore, determine whether such error was harmless. If a proper objection was made in the trial court, then reversal is required if the error was "calculated to injure the rights of defendant" or "caused some harm to the accused." *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1985)·(op. on reh'g). However, if no proper objection was made in the trial court, then reversal is required only if the error was "so egregious and created such harm" that it denied the appellant a fair trial. *Id.*

At the close of the guilt/innocence phase of the trial, the following colloquy occurred:

Mr. Thomas (counsel for the State): I'd ask that robbery be the only charge.

I don't think there's a lesser that applies to the evidence.

Ms. Williams (counsel for the appellant): I'd like Class A assault and Class B theft.

The Court: Based on what?

Ms. Williams: Based on the fact that he said he didn't commit robbery.

The Court: I don't see any evidence that that was raised.

Ms. Williams: I would just like to see those lesser includeds in the charge.

The Court: It's not raised by any evidence. I'm going to deny your request.

■ To preserve jury charge error, the defendant must "present his objections ... distinctly specifying each ground of objection." TEX.CODE CRIM. P. ANN. art. 36.14 (Vernon Supp.1997). The purpose of this enactment is to enable the trial court to "know in what respect the defendant regards the charge as defective and to afford the trial court an opportunity ·to correct it before

reading the charge to the jury." *Pennington v. State*, 697 S.W.2d 387, 390 (Tex.Crim.App. 1985). The objection must be specific and clear enough to apprise the trial court of the nature of the objection. *Id.*

■ In this case, we conclude the appellant's request for jury instructions on the lesser included offenses of misdemeanor theft and misdemeanor assault was sufficiently specific to apprise the trial court of the nature of the objection. The appellant based his request on the fact that he denied committing the greater offense, and the appellant specified the class of assault and theft for which he sought jury instructions. Because we find the appellant has preserved error with respect to his requested jury instructions, we must decide whether the error caused some harm to the appellant.

The charge defined theft and bodily injury, and the application paragraph provided:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 24th day of February 1995, in Harris County, Texas, the defendant, Ned Jones, did then and there unlawfully while in the course of committing theft of property owned by Michelle Yancey, and with intent to obtain or maintain control of the property, intentionally or knowingly cause bodily injury to Michelle Yancey, by striking Michelle Yancey in the head, then you will find the defendant guilty as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not guilty."

■ The charge left the jury with the sole option of either convicting the defendant of the greater offense of robbery or acquitting him. In such circumstances, the Court of Criminal Appeals has found there to be "some" harm and has reversed. *See, e.g., Mitchell v. State*, 807 S.W.2d 740, 742 (Tex.Crim.App.1991); *Hayes v. State*, 728 S.W.2d 804, 810 (Tex.Crim.App.1987); *Gibson v. State*, 726 S.W.2d 129, 133 (Tex.Crim.App. 1987); *Moreno v. State*, 702 S.W.2d 636, 641 (Tex.Crim.App.1986). Finding such harm acknowledges the possibility that a jury, believing the defendant to have committed some crime, but given only the option to convict him of the greater offense, may have chosen to find him guilty of the greater offense, rather than to acquit him altogether, even though it had a reasonable doubt. *See Saunders v. State*, 913 S.W.2d 564, 571 (Tex.Crim.App.1995).

We sustain point of error one. We reverse and remand for a new trial. Because of our disposition of point of error one, we need not reach point of error two.

TAFT, J., concurring.

TAFT, Justice, concurring.

The majority follows Court of Criminal Appeals cases that have found some harm from the circumstance of the error itself, *i.e.*, failure to submit a jury instruction on a lesser included offense when the evidence raised the issue. I find myself in agreement with Judge Teague's concurring and dissenting opinion in *Moreno v. State*, 702 S.W.2d 636 (Tex.Crim.App.1986). Judge Teague found that the majority opinion had not been faithful to the test enunciated in *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984), a case with which Judge Teague strongly disagreed causing him to refer to it as "Almanza the Terrible." *See Moreno*, 702 S.W.2d at 641–42 (Teague, J. concurring and dissenting). Judge Teague proceeded to perform an *Almanza* harm analysis, concluding there was no harm. *Id.* at 642–43. I would likewise urge that in this case an *Almanza* harm analysis could very well result in a holding that appellant has shown that no actual harm befell him from the absence of lesser included offense instructions in this case. Even though we are bound by precedent from a higher court, we are not gagged. I urge the Court of Criminal Appeals to revisit this issue. Therefore, I respectfully concur.