**Ned JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 101–98.

Court of Criminal Appeals of Texas, En Banc.

Oct. 28, 1998.

---

David L. Cook, Stephen Newhouse, Houston, for appellant.

Eric Kugler, Asst. Dist. Atty., Houston, Jeffrey L. Van Horn, Asst. State's Atty., Matthew Paul, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

HOLLAND, Judge, delivered the opinion of the Court in which BAIRD, OVERSTREET, PRICE and WOMACK, Judges, joined.

A jury convicted appellant of the robbery of Michelle Yancey. TEX. PENAL CODE ANN. § 30.02(a). Having found both of the enhancement allegations to be true, the jury assessed appellant's punishment at confinement for 99 years. Appellant appealed his conviction to the First Court of Appeals.

The First Court of Appeals reversed appellant's conviction and remanded the case for a new trial. *Jones v. State*, 962 S.W.2d 96 (Tex.App.—Houston [1st Dist.] 1997). The State petitioned this Court to review the decision of the First Court of Appeals. This Court granted review on the following ground raised by the State in its petition:

The First Court of Appeals has conducted a faulty legal analysis concerning the issue of whether a rational jury could believe that appellant committed only misdemeanor assault or misdemeanor theft and not robbery in conflict with decisions from this Court.

This Court affirms the judgment of the Court of Appeals.

On February 4, 1995, Michelle Yancey worked for Fiesta Market in Houston as a Loss Prevention Investigator. While observing from the store's security monitors, she noticed appellant in the Health and Beauty Aids Department. She saw appellant pick up several items and put them in his pocket. Appellant then left the store without stopping at the registers to pay for the items. Yancey secured the assistance of two other employees and confronted appellant outside the exit of the store. Yancey and her assistants detained appellant and escorted him back into the store. They informed appellant they were taking him to the Loss Prevention Office. Once inside the store, appellant started a fight with Yancey and her two assistants. Appellant punched Yancey in the face, breaking her glasses. He bit one of the assistants in the chest. With the assistance of an off-duty deputy constable, Yancey and her assistants subdued appellant and removed him to the Loss Prevention Office. They recovered deodorant, Ben Gay and Blistex from appellant's pockets. Appellant had not paid for these items before removing them from Fiesta. They detained appellant at the Loss Prevention Office until the police arrived. At trial, both Yancey and the deputy constable testified that appellant was the aggressor in the altercation which occurred in the Fiesta.

Appellant took the stand to testify in his own defense at trial. He denied that he left the store with the items and that he intended to steal from Fiesta. He also denied that he committed an assault in the store. When the State cross-examined appellant, they asked appellant if it was his testimony that he "basically didn't do anything wrong back on

February 24th?" Appellant responded, "Absolutely right, sir." When the State asked appellant if there had been an altercation in the store, appellant explained that he "did selfdefense." Appellant then emphasized, however, that he did not assault anyone in Fiesta.

After the close of evidence, appellant requested the jury be instructed on the lesser included offenses of "Class A assault and Class B theft" due to his testimony that he did not commit any robbery. The trial court denied the request, ruling the instructions had not been raised by the evidence.

On appeal, appellant argued the trial court erred when it denied his request for instructions on misdemeanor assault and misdemeanor theft. He contended that evidence was presented at trial that if he was guilty, he was guilty only of the lesser included offenses. The First Court of Appeals agreed with appellant.

The First Court concluded that misdemeanor theft and misdemeanor assault were "included within the proof necessary to establish the charged offense of robbery." *Jones v. State*, 962 S.W.2d at 98. Citing *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim.App.1994), the First Court noted there must be some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense. To make this determination, they stated they must consider all of the evidence presented at trial. Again citing *Bignall*, the First Court explained if there is no evidence showing appellant committed only the lesser included offenses, and appellant presented no evidence or presented evidence that he did not commit any offense, appellant would not be entitled to the instruction on the lesser included offense. The First Court then examined whether "there was some evidence that would permit a jury rationally to find that the appellant committed the theft, but not the assault. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a charge on a lesser included offense." *Jones*, 962 S.W.2d at 98.

Initially, the First Court turned to the issue of the lesser included offense of misde-

meanor theft. The First Court noted appellant testified he did not commit an assault in Fiesta and that he "did self-defense". The Court of Appeals cited the State's evidence that appellant was seen taking some items from the store without paying for them. Based on this evidence, the First Court concluded the evidence raised the issue of misdemeanor theft. The First Court found the trial court erred when it denied appellant's requested instruction on misdemeanor theft. *Id.*

The First Court then handled the issue of misdemeanor assault. They noted appellant denied any intent to steal any items from Fiesta. The First Court also cited the State's evidence that appellant punched Yancey in the face during his altercation with Fiesta's Loss Prevention Officers. The First Court concluded the evidence at trial raised the issue of misdemeanor assault. They also found the trial court erred when it denied appellant's requested instruction on misdemeanor assault. *Id.*

In its petition for discretionary review, the State argues the Court of Appeals conducted a flawed analysis of whether a rational jury could believe appellant was guilty only of misdemeanor assault or misdemeanor theft. The State claims the decision of the Court of Appeals' decision conflicts with this Court's decision in *Ramos v. State*, 865 S.W.2d 463, 465 (Tex.Crim.App.1993). In *Ramos*, this Court explained a "statement made by a defendant cannot be plucked out of the record and examined in a vacuum in a lesser included offense analysis." The State accused the First Court of plucking appellant's testimony apart to conclude there was evidence to show if appellant was guilty, he was guilty only of one of the two lesser included offenses.

The State supports its argument with two examples. First, the State pointed out the First Court "plucked" out appellant's testimony that he did not assault anyone along with his testimony that he "did self-defense" and examined them in conjunction with the State's evidence that he took several items from the Fiesta without paying for them. From this, the First Court concluded that

appellant could have been found guilty only of theft. Second, the First Court looked at appellant's testimony that he denied any intent to steal in conjunction with the State's evidence of the assault and concluded that appellant could have been found guilty only of assault.

The State complains the analysis of the First Court misrepresented appellant's defense by taking parts of it out of context. The State claims appellant's testimony as a whole presented the defense that he did not do anything wrong—not robbery, not theft, and not assault. The State argues appellant's testimony, taken in its entirety, does not indicate if appellant is guilty, he is guilty only of the lesser included offenses. Instead, appellant's testimony on the whole indicates he is not guilty at all. In this way, the State argues the First Court failed to comply with this Court's decision in *Bignall v. State.*

In *Bignall,* we concluded "if a defendant either presents evidence that he committed no offense or presents no evidence, and there is no evidence otherwise showing that he is guilty only of a lesser included offense, then a charge on a lesser included offense is not required." *Bignall,* 887 S.W.2d at 22. The State argues the First Court should not have plucked parts of appellant's testimony out of the context of his defense and combined them with selected parts of the State's proof of separate elements of the offense to conclude the evidence raised the lesser included offenses. The State contends this is not a case where there was evidence which proved appellant, if guilty, was guilty only of the lesser included offenses of assault or theft.

■ We disagree with the State's argument. This Court analyzes the issue of lesser included offenses in terms of determining whether there is any evidence in the record from any source to indicate if appellant was guilty, he was guilty only of the lesser included offense. "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Bignall,* 887 S.W.2d at 23; and cases cited therein. If there is evidence within a defendant's testimony which raises the lesser included offense, it is not dispositive that this evidence does not fit in with the larger theme of that defendant's testimony. *Id.* Whether there is evidence, within or without the defendant's testimony, which raised the lesser included offense controls the issue of whether an instruction on the lesser included offense should be given.

■ It does not matter whether the evidence was admitted by the State or the defense. It does not matter if the evidence was strong or weak, unimpeached or contradicted. *Rousseau v. State,* 855 S.W.2d 666, 672 (Tex.Crim.App.1993); and *Bell v. State,* 693 S.W.2d 434, 442 (Tex.Crim.App.1985). The trier of fact is always free to selectively believe all or part of the testimony proffered and introduced by either side. *Bignall,* 887 S.W.2d at 24; and cases cited therein. So long as there is some evidence which is "directly germane" to a lesser included offense for the factfinder to consider, then an instruction on the lesser included offense is warranted. *Bignall, id;* and *Skinner v. State,* 956 S.W.2d 532, 543 (Tex.Crim.App. 1997).

■ In line with this, when appellant testified that he did not commit a theft at Fiesta, the jury was free to believe his testimony that he did not intend to steal anything and never left the store with property which he had not paid for. A "lesser included offense may be raised if evidence either affirmatively refutes or negates an element establishing the greater offense." *Schweinle v. State,* 915 S.W.2d 17, 19 (Tex.Crim.App.1996). Here, appellant's testimony that he did not steal or intend to steal negated the theft element of the robbery charge. If the jury believed appellant's testimony that he did not steal and believed the State's evidence that he struck Michelle Yancey, they could rationally conclude that appellant committed assault and not theft. When appellant denied he committed the theft, even though it was in the context of denying all criminal intent, the trial court should have instructed the jury on the lesser included offense of assault. We conclude the trial court erred when it denied appellant's request for instructions on the lesser included offense of misdemeanor assault. *Bignall v. State,* 887 S.W.2d at 22–24, and *Schweinle v. State,* 915 S.W.2d at 19.

■ The same theory can be applied to appellant's testimony that he did not assault anyone in Fiesta. Appellant admitted only that he "did self-defense". The jury was free to believe this testimony by appellant, and disbelieve the rest of what he said. As with the instruction on the lesser included offense of misdemeanor assault, this evidence would have entitled appellant to his requested instruction on the lesser included offense of misdemeanor theft. The trial court erred when it denied appellant's request for that instruction. *Bignall v. State*, 887 S.W.2d at 22–24, and *Schweinle v. State*, 915 S.W.2d at 19.

■ The State would have us focus solely on appellant's "blanket" denial of criminal culpability in any element of the robbery. This misconstrues the case law, including *Bignall v. State*, on this issue. It neglects the fact that a jury is permitted to believe or disbelieve any part of a witness' testimony, including a defendant. It disregards the fact that a lesser included offense can be raised by any evidence from any source so long as a rational trier of fact could conclude from that evidence that a defendant is guilty only of that lesser included offense.

The State's ground for review is overruled. This Court affirms the judgment of the First Court of Appeals.

MEYERS, J., filed a dissenting opinion, in which McCORMICK, P.J., KELLER and MANSFIELD, JJ., joined.

MEYERS, Judge, dissenting.

Appellant was convicted of robbery. At trial, he denied having intent to steal. He denied that he was outside the store when apprehended. He denied walking past the cash registers and leaving the store with stolen property. He denied being the aggressor in an altercation involving himself and store security personnel. He denied assaulting anyone. He denied hitting or biting or hurting any store security personnel. He testified he did not do anything wrong. The

majority says appellant was entitled to an instruction on the lesser included offenses of theft and assault. I dissent.

A lesser included offense charge is required, upon request, if the following two conditions are met:

1. The lesser offense is included within the proof necessary to prove the charged offense; and

2. Some evidence exists in the record that would permit a jury rationally to find that, if guilty, the defendant is guilty only of the lesser included offense charge.

*Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim.App.1993). Only the second condition is disputed in this case.

As to the lesser included offense of theft, the majority says appellant's testimony that he did not commit assault, but acted in self-defense, was evidence that would permit a rational jury to find appellant guilty only of theft. As to the lesser included offense of assault, the majority says appellant's testimony that he did not intend to steal anything, together with testimony by store employees that appellant committed assault, was evidence that would permit a rational jury to find appellant guilty only of assault. They are wrong on both counts.

### A. The lesser included offense of theft

Integral with a claim of self-defense is an admission of the use of some force.[1] Appellant denied using force against anyone. Appellant also testified his arms were held behind his back. He further stated he had no idea how some of the employees received their injuries. Following are portions of appellant's testimony.

Q: [State on direct examination]: Did you hit Ms. Yancey?

A: [Appellant]: No ma'am, I didn't.

Q: Did you see any scratches on her face?

A: No, ma'am.

---

1. Self-defense is described in the Penal Code as: "a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." Tex. Penal Code § 9.31 (a). Appellant does not claim to have used force against anyone.

\* \* \*

A: My arm was behind my back and they jacked it up. Two other guys in the store ran up and started hitting me.

Q: How many employees ganged up on you at that time?

A: Four.

Q: Did you feel threatened?

A: Yes, ma'am.

Q: Did you intend to steal any items?

A: No, ma'am, I didn't.

Q: Did you commit an assault in the store?

A: No, I didn't.

Q: Did you feel like you were acting in self-defense?

A: Yes, I did.

Q: Did you feel like you had committed a robbery?

A: No, ma'am, I didn't.

\* \* \*

Q: [Appellant's counsel on cross-examination]: ... it's your testimony that you basically didn't do anything wrong back on February 24th, correct?

A: Absolutely right, sir.

Q: ... You heard Ms. Yancey testify about what happened, didn't you?

A: Yancey tells some lies. Yes, she did.

Q: ... You never walked past the checkout areas?

A: I never walked by the checkout areas.

Q: And in the course of this there was an altercation at least between you and those employees who worked there?

A: There was an altercation.

Q: And these employees all ganged up on you?

A: Yes, and I did self-defense.

Q: And you realize that one of those employees hurt their arm?

A: How he hurt his arm, I didn't have no idea.

Q: And you heard what Ms. Yancey said happened to her?

A: Yes. She had broken glasses.

Q: You didn't strike her with your fist?

A: I had my arms behind my back.

Appellant did not elaborate further on his claim of "self defense." Appellant's claim that he "did self-defense," is logically impossible in view of his testimony that his arms were held behind his back. The majority's vision of a rational jury is one that would have to disbelieve appellant's testimony that he did not use force against anyone and disbelieve appellant's testimony that he had his arms held behind his back, but believe appellant's testimony that he "did self-defense" even though there was no other evidence supporting this claim and believe appellant's "self-defense" was legally adequate to justify any assault proven by the State. This is not my view of a rational jury.

**B. The lesser included offense of assault**

Appellant testified he did not intend to steal anything. He claims that at the time he was apprehended, he was still inside the store. He testified he did not do anything wrong, he did not commit an offense. There is otherwise no evidence that appellant did not commit theft. In these circumstances, a charge on the lesser included offense of assault is not warranted:

> The correct test, as stated in *Aguilar v. State*, 682 S.W.2d 556 (Tex.Crim.App. 1985), is as follows: "If a defendant either presents evidence that he committed no offense or presents no evidence, *and there is no evidence otherwise showing that he is guilty only of a lesser included offense,* then a charge on a lesser included offense is not required."

*Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim.App.1994). Apart from appellant's testimony that he did not commit theft, there is otherwise no evidence showing that appellant is guilty only of assault. The majority does not explain why the above rule of law does not apply here.

While I recognize the value in maintaining a policy in favor of liberally including lesser included offense instructions, such instruction was not warranted here by any stretch. The trial court acted appropriately in denying the instructions. The judgment of the

Court of Appeals should be reversed. I dissent.

McCORMICK, P.J., MANSFIELD and KELLER, JJ., join.