Opinion issued November 26, 2003





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00343-CR




SHARON DELANEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1146813




MEMORANDUM OPINION
          The trial court found appellant guilty of failure to stop and give information
and sentenced her to 30 days’ confinement and a $1,000 fine. We affirm. 
Background
          Lee Preston arrived at a Wal-Mart store at 6:00 a.m. to shop. He saw a blue
truck pull in front of appellant and take a parking space. He then watched appellant
circle the lot several times for a parking space. In the meantime, Mr. Preston parked
and exited his car. He saw appellant hit the blue truck, back up, hit the truck again,
and resume circling the parking lot.
          A few minutes later, Officer Ben Murray arrived at the Wal-Mart after
receiving a general broadcast about this incident. He saw appellant driving a car that
matched the car described in the broadcast. Officer Murray stopped appellant and
noticed some scratches and dents on the front of her car. According to the officer,
appellant stated that the damage to her car was old. 
          Witnesses in the Wal-Mart parking lot identified appellant’s car as the one that
had hit the truck. Mr. Preston informed the officer that he saw appellant driving the
car in the collision. Officer Murray examined the truck and found a lens cover and
a light bulb from appellant’s car lying on the ground below the truck. He also found
a paint chip matching appellant’s car on the truck’s side molding. Officer Murray
testified that the accident probably occurred at about 6:00 or 6:10 a.m.
          Appellant denied being in an accident. Appellant, her friend, her sister, and her
son-in-law testified that appellant entered the Wal-Mart at about 5:15 and remained
inside shopping until at least 6:00 a.m. Appellant testified that when she emerged
from the store, her car was in a different place than where she originally parked it. 
She did not know who moved the car, claiming that it was “mysteriously driven and
in an accident.” She told the officer that her son owned the car and that he should be
arrested. She also denied telling the officer that the damage to her car was old. 
Legal and Factual Sufficiency
          In her first and second points of error, appellant contends that the evidence is
legally and factually insufficient to support her conviction.
          In evaluating legal and factual sufficiency, we follow the usual standards of
review. Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (legal
sufficiency); King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000) (factual
sufficiency).
          In her challenge to the sufficiency of the evidence, appellant does not allege
that the State did not prove any particular element of the offense. Instead, she argues
that the State’s evidence was not credible. Mr. Preston testified that he observed
appellant commit the offense; however, appellant argues that Mr. Preston was not
credible in light of defense witnesses’ testimony that appellant was shopping at the
time. Appellant offered no evidence indicating that Mr. Preston was not credible. 
          The trier of fact is the sole judge of witness credibility and is free to believe or
disbelieve any witness. Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998). 
The trier of fact was entitled to believe Mr. Preston’s testimony describing appellant’s
commission of the offense and reject any contradictory testimony from the defense
witnesses. Moreover, Officer Murray found a lens cover and a light bulb from
appellant’s car lying on the ground below the truck. He also found a paint chip
matching appellant’s car on the truck’s side molding. 
          Viewing the evidence in the light most favorable to the verdict, we hold that
the evidence is legally sufficient. Despite the conflicting testimony, we do not find
the verdict so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust; therefore, we hold that the evidence is factually sufficient.
          We overrule the first and second points of error. 
Conclusion
          The judgment of the trial court is affirmed.


                                                             Justice Adele Hedges
 
Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).