Opinion issued January 13, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00563-CR

———————————

Edward Paul Lopez,
Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 180th District Court

Harris
County, Texas



Trial Court Case No. 1112312

 



 

MEMORANDUM OPINION

Appellant, Edward Paul Lopez, was
charged by indictment with murder.[1]  Appellant pleaded not guilty.  A jury found appellant guilty as charged and
assessed punishment at 45 years’ confinement. 
In two points of error, appellant challenges the sufficiency of the
evidence to establish that appellant was the shooter.

We affirm.

                                                                                                                                                                
Background

The shooting in question took place at Emiliano’s, a
neighborhood sports bar located at Lyons Avenue in Houston, Texas, near North
Wayside Drive.  The bar had closed around
2:00 on the morning of January 21, 2006, and it was around this time that the
shooting occurred.  The complainant,
Martin Burciaga, was in his car, a 1997 Buick Park Avenue, at the time of the
shooting.  The front of his car faced
Lyons Avenue at a south-westerly angle. 
The physical evidence showed that at least seven bullets hit Burciaga’s
car, one of which also hit Burciaga, leading to his death.  Bullets penetrated the front driver’s-side of
the car, the front hood and windshield, and the front passenger’s-side of the
car, indicating that the shooter was moving while shooting.  About nine casings and one bullet were
located across a 90-foot area on Lyons Avenue. 
The dispersed area in which the casings were found also indicated that
the shooter was moving while shooting. 
Some bullets and bullet fragments were also recovered from the car.  

An analysis of all of the bullet casings located at the
scene established that they were all ejected from the same gun.  An analysis of the bullets and bullet
fragments was also done.  From all of the
bullets and fragments that could be analyzed accurately, it was established
that they were fired from the same gun. 
Based on analysis of the casings, bullets, and bullet fragments, it was
established that the weapon used was a 9mm Luger Smith & Wesson
pistol.  This is a semi-automatic weapon.

The only evidence presented at trial that established
appellant as the shooter was the testimony of Eugene Perez.  Perez testified that he arrived at Emiliano’s
that night with his brother and encountered appellant.  Appellant and Perez had known each other
since they were about 13 or 14 but had not seen each other for at least two
years prior to that night.  They spent
their time together in the bar.  During
that time, Perez testified that appellant identified some other people at the
bar that were trying to start some trouble with him.  Two people in particular were identified,
known as Five-Oh and Little Five-Oh. 
These two were brothers and Burciaga’s cousins.  Perez told Appellant that he had a 9mm Smith
& Wesson in his car.  Perez testified
that he brought the gun because he had been shot at previously while at that
bar.  When his brother decided to leave,
Perez asked appellant if he would give him a ride home that night. Appellant
agreed, but asked Perez to transfer his gun from his car to appellant’s car
before Perez’s brother left.  Perez
complied.

Perez and appellant stayed until the bar closed.  When they left the bar, appellant again saw
Five-Oh and Little Five-Oh, who were inside a truck in the parking lot.  Perez testified that appellant asked him to
retrieve his gun from appellant’s car. 
Perez complied and brought it to appellant and then returned to
appellant’s car.  Perez got into the
driver’s seat and waited for appellant. 
Appellant came to the car, and Perez began driving.

Perez testified that there was a long line of cars on
Lyons Avenue heading towards North Wayside Drive, and he was forced to wait in
this long line.  While they were waiting,
appellant looked outside the passenger-side window, stated that he saw “one of
them fools,” and asked Perez if appellant should kill him.  Perez said, “[N]o, let’s just go home.”

Perez testified that, some time after that—as they waited
in the line of cars—he heard some shooting, thought they were being shot at,
and ducked down in the car.  Perez then
heard appellant say, “Let’s go. Let’s go.” 
Perez looked over and saw that it was appellant doing the shooting.  All of this occurred while the car was
stationary.  Perez then sat back up,
moved to the left of the line of cars, and drove towards North Wayside
Drive.  Perez testified that, after they
began moving, appellant fired one more shot. 
Perez never saw at whom or what appellant was shooting.

Appellant testified that Perez was in possession of his
gun at all times.  He also testified that
after they left the bar, there were some people in the parking lot between
appellant and his car who were giving threatening looks and gestures to the two
of them.  To avoid trouble, appellant and
Perez ran around the bar, reaching the car from the other side.  They ran to the car and appellant drove
off.  Appellant testified that there was
no line of cars and they were able to leave immediately.  As he was driving off, Perez began shooting
from the car.

David Borjs, a friend of appellant’s, testified that he
was also at Emiliano’s that night.  He
also asked appellant for a ride home that night, and appellant agreed.  Close to closing time, Borjs saw appellant
and Perez walk outside.  After the bar
closed, Borjs walked outside to find appellant. 
He saw appellant run to his car, get into the driver’s side of the car,
and drive off.  As appellant was driving
off, Borjs heard gunshots and dropped to the ground.  Borjs did not see who fired the shots.

                                                                                                                 
Identity of Appellant as the Shooter

In two points of error, appellant challenges the legal and
factual sufficiency of the evidence to establish that appellant was the
shooter.

A.              
Standard of review

Evidence is insufficient to support a conviction when,
considering all the evidence admitted at trial in the light most favorable to
the verdict, a fact finder could not have rationally found that each element of
the charged offense was proven beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In
re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); Laster
v. State, 275 S.W.3d 512,
517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); see also Brooks v. State, 323 S.W.3d 893, 912, 924–28 (Tex. Crim. App. 2010) (majority holding
legal and factual sufficiency challenges reviewed under Jackson standard); Ervin
v. State, No. 01-10-00054-CR, 2010 WL 4619329, at *2–4 (Tex. App.—Houston
[1st Dist.] November 10, 2010, no pet. h.) (construing majority holding in Brooks). 
The evidence is insufficient under this standard in two
circumstances:  (1) the record contains
no evidence, or merely a “modicum” of evidence, probative of an element of the
offense or (2) the evidence, viewed in the light most favorable to the verdict,
conclusively establishes a reasonable doubt. 
See Jackson, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2789 &
n.11; Laster, 275 S.W.3d at
518; Williams, 235 S.W.3d at
750.

In applying the Jackson
standard of review, an appellate court must defer to the responsibility of the fact finder
to fairly resolve conflicts in testimony, to weigh evidence, and to draw
reasonable inferences from the facts.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Williams, 235 S.W.3d at
750.  An appellate court presumes that the fact finder resolved any conflicts
in the evidence in favor of the verdict and defers to that resolution, provided
that the resolution is rational.  See Jackson, 443 U.S. at 326, 99
S. Ct. at 2793.  “The trier of
fact is always free to selectively believe all or part of the testimony
proffered and introduced by either side.” 
Jones v. State, 984 S.W.2d
254, 257 (Tex. Crim. App. 1998).  An
appellate court may not re-evaluate the weight and credibility of the record
evidence and thereby substitute its own judgment for that of the fact
finder.  Williams, 235 S.W.3d at
750.

B.              
Analysis

As it relates to this case, a person commits murder if he
(1) intentionally or knowingly causes the death of an individual or (2) intends
to cause serious bodily injury and commits an act clearly dangerous to human
life that causes the death of an individual. 
Tex. Penal Code Ann. § 19.02(b)
(Vernon 2003).  In addition, the State
was required to prove beyond a reasonable doubt that the accused is the person
who committed the crime that was charged. 
Johnson v. State, 673 S.W.2d
190, 196 (Tex. Crim. App. 1984); Smith v.
State, 56 S.W.3d 739, 744 (Tex. App.—Houston [14th Dist.] 2001, pet.
ref’d).

Appellant argues that the physical evidence of the crime
scene established that the shooter was moving while shooting.  Perez—the only witness who established
appellant as the shooter—testified, however, that all but one of the shots
fired by appellant were fired from a stationary position.  Accordingly, appellant argues, the jury could
not have rationally believed beyond a reasonable doubt that appellant was the
shooter.

Appellant is correct that Perez’s testimony regarding the
shooting conflicts with the physical evidence. 
The jury could, however, disbelieve the details of Perez’s testimony
regarding whether the car was moving during the shooting but still believe
Perez’s testimony that appellant was the one that did the shooting.  “The trier of fact is always free to
selectively believe all or part of the testimony proffered and introduced by
either side.”  Jones, 984 S.W.2d at 257. 
Accordingly, the jury could still have relied on Perez’s testimony that
he saw appellant do the shooting to establish appellant’s testimony as the
shooter.

Appellant also points to his own testimony and the
testimony of his friend, Borjs, to establish that he was not the shooter.  Appellant testified that he was not the
shooter and that Perez was.  Borjs
testified that he saw appellant get into the driver’s seat of the car, which
conflicted with Perez’s account of the shooting and supported appellant’s
account.  The jury was free to disbelieve
all of this testimony and rely, instead, on Perez.  Id.  

We hold here was sufficient evidence in the record, viewed
in the light most favorable to the verdict, to support a finding by the jury
that appellant was the shooter.  See Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789.  We overrule appellant’s two
points of error.




 

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           See Tex. Penal Code Ann. § 19.02(b)
(Vernon 2003).