**Reversed and Remanded and Plurality and Dissenting Opinions filed March 26, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00302-CR

---

### DUKE EDWARD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 17-CR-1965**

---

### DISSENTING OPINION

This is an uncomplicated case that has been needlessly complicated by a misapplication of the standard of review.

## I. The evidence is legally sufficient to support the conviction.

The prosecution had the burden of proving three essential elements: (1) appellant assaulted the complainant by intentionally, knowingly, or recklessly causing her bodily injury; (2) appellant and the complainant were involved in a

dating relationship; and (3) appellant had previously been convicted of another assault against a family member or against a person whom he was dating. *See* Tex. Penal Code § 22.01(b)(2)(A).

The first element was established by the 911 tape, where the complainant reported that she had just been beaten up, and where she identified appellant by name as her assailant. Also, the officer's body cam video and the photographs from the scene confirmed that the complainant had suffered multiple injuries to her face. Based on the collective force of this evidence, the jury could have reasonably concluded that appellant intentionally assaulted the complainant.

Turning next to the second element, the prosecution had to show that appellant and the complainant were in a "continuing relationship of a romantic or intimate nature." *See* Tex. Fam. Code § 71.0021(b). The existence of such a dating relationship must be based on the consideration of (1) the length of the relationship, (2) the nature of the relationship, and (3) the frequency and type of interaction between the persons involved in the relationship. *Id.*

The record contains ample evidence of a dating relationship. Both the officer and the paramedic testified that the complainant claimed that she had just been beaten up by her "boyfriend." Based on that description, the jury could have reasonably concluded that the nature of the complainant's relationship with appellant was romantic or intimate. *See Villarreal v. State*, 286 S.W.3d 321, 328 (Tex. Crim. App. 2009) (upholding a conviction for violation of a protective order where the evidence showed that the complainant was the defendant's "girlfriend").

There is no direct evidence regarding the length of the complainant's relationship with appellant, or of the frequency and types of their interactions, but a conviction does not require direct evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Circumstantial evidence is just as probative as direct

evidence. *Id.* And the record here contains circumstantial evidence of these other considerations. In particular, the record shows that appellant was arrested when he was sitting on the complainant's bed. Because the bedroom is one of the most personal places in the entire home, the jury could have reasonably inferred that the complainant had permitted appellant in her bedroom because their relationship had been ongoing and more than just a casual acquaintance.

As for the final element, the parties stipulated that appellant had a prior conviction for assaulting a family member. Thus, there is legally sufficient evidence for each essential element of the offense, and this court should have held that the prosecution carried its burden of proof beyond a reasonable doubt.

## II. The plurality has failed to examine the evidence in the light most favorable to the verdict.

In reaching the opposite conclusion that the evidence is insufficient to support the conviction, the plurality asserts that the jury "could do no more than speculate on the existence of a dating relationship." This assertion is wrong because speculation does not occur if the jury is capable of "considering other facts and deducing a logical consequence from them." *See Hooper v. State*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007). And here, the officer testified that he gave the complainant a "family violence form" when he left the scene. This testimony—which the plurality wholly disregards in its sufficiency analysis—bolsters the evidence that the complainant identified appellant as her "boyfriend" and supports a logical inference that she informed the officer that she and appellant were involved in a dating relationship. *See* Tex. Fam. Code § 71.004(3) (providing that "family violence" includes the legal definition for "dating violence").

The plurality also asserts that the jury was required to disregard the officer's initial testimony that the complainant had identified her assailant as her "boyfriend"

3

because the officer subsequently admitted that the complainant had made no such identification on the body cam video. This analysis fails to recognize that the body cam video did not capture the entire interaction. The video was less than fifteen minutes in length, and it ended when the officer was still in the complainant's apartment, as he was documenting her injuries. The jury could have reasonably concluded that the complainant identified appellant as her boyfriend after the body cam had stopped recording.

In a similar point, the plurality holds that the jury could not credit the paramedic's initial testimony that the complainant had identified her assailant as her "boyfriend" because the paramedic later testified on cross-examination that the complainant had made no such identification. This reasoning flies in the face of our standard of review, which provides that when there is a conflict in the evidence, we must presume that the jury resolved the conflict in favor of the verdict. *See Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) ("The trier of fact is always free to selectively believe all or part of the testimony proffered and introduced by either side."). The plurality has usurped the role of the jury by reaching a different resolution to this evidentiary conflict.

Based on the foregoing, I would affirm appellant's conviction in its entirety. Because the court does not, I respectfully dissent.


/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Bourliot, and Zimmerer. (Zimmerer, J., plurality). (Bourliot, J., concurring without opinion).

Publish — Tex. R. App. P. 47.2(b).

4