TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00732-CR







David Freeman, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0986048, HONORABLE MIKE LYNCH, JUDGE PRESIDING







 After a bench trial, the trial court found appellant David Freeman guilty of deadly
conduct and assessed punishment at imprisonment for one year. See Tex. Penal Code Ann.
§ 22.05 (West 1994). The court then suspended the sentence and placed Freeman on community
supervision for eighteen months. On appeal, Freeman challenges the factual sufficiency of the
evidence to support his conviction. We will affirm the judgment. 


Factual Background

 David Freeman and Paul Martin were co-owners of a rental house in the Lake
Travis area. Martin was responsible for bookkeeping while Freeman took care of the day-to-day
management. In April 1997, Freeman and Martin entered into a two-year lease agreement with
James and Tina Brunson. Almost immediately the Brunsons fell behind in their rent. Freeman
spoke with the Brunsons several times about the late rent but only received partial payments and
excuses.

 In early December 1997, Freeman received a phone call from Tina Brunson
informing him that she had become estranged from James and would no longer be living on the
property. During this conversation, Tina informed Freeman that several of the people living or 
frequenting the property were violent and involved in drugs. Shortly after talking to Tina,
Freeman purchased a semi-automatic assault rifle for protection, fearing that his tenants might
retaliate were he to evict them. 

 On March 29, 1998, while showing the property to a potential buyer, Freeman
discovered four or five Dixie cups with marihuana growing in them. On that same occasion he
learned that James Brunson and the other occupants were away in Mexico on vacation. Freeman
was upset about the marihuana. He feared that the federal authorities could seize his property if
they found marihuana being cultivated there. He decided to begin the eviction process
immediately. Over the next few days, Freeman seized several items of personal property pursuant
to a landlord's lien in order to secure payment of the past-due rent. The events which led to his
conviction took place while Freeman was seizing property on March 30.

 Freeman was loading some motorcycles onto a trailer when he was approached by
Bryan Brunson, James's seventeen-year-old son, and Rachel Slaughter, Bryan's nineteen-year-old
friend. Freeman's assault rifle was leaning up against the back of the trailer. Bryan and Rachel
testified that Freeman was polite and calm at first, but when the conversation turned to the
overdue rent, he began to yell, picked up the gun, and pointed it at them, warning that if anybody
got in his way, he would "mow . . . [them] down."

 Freeman testified that he neither pointed the gun at the two teenagers nor threatened
to "mow down" anyone. He admitted, however, that he did vent his frustration at Bryan and
Rachel, raised his voice at them, and told them that the gun was an automatic weapon and that he
was angry at having to carry it to protect himself from his "drug crazed tenants." He further
testified that while he did pick up the gun and walk away with it after this conversation, he could
not remember whether he picked up the gun during their conversation. 

 Freeman was charged with aggravated assault and convicted of the lesser included
offense of deadly conduct. See Tex. Penal Code Ann. §§ 22.01(a)(2) (West Supp. 2000),
22.02(a)(2) (West 1994), & 22.05 (West 1994). On appeal Freeman contends that because he was
acquitted of aggravated assault, the evidence is factually insufficient to support his conviction for
the lesser included offense of deadly conduct.


Discussion When conducting a factual sufficiency review, we consider all the evidence equally,
including the testimony of defense witnesses and the existence of alternative hypotheses. See
Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). However, we will not
substitute our judgment for that of the trier of fact and will set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. See
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 

 Section 22.05 of the Penal Code defines deadly conduct as follows:


(a) A person commits an offense if he recklessly engages in conduct that places
another in imminent danger of serious bodily injury.


. . . . 


(c) Recklessness and danger are presumed if the actor knowingly pointed a firearm
at or in the direction of another whether or not the actor believed the firearm to be
loaded.



Tex. Penal Code Ann. § 22.05.

 The trial court found that "David Freeman, recklessly engaged in conduct that
placed another in imminent danger of serious bodily injury--not that he did it intentionally or
knowingly, but that he was reckless in the action he took on that date in regard to those two
people." Freeman argues that the only evidence supporting a finding that he put Bryan and
Rachel in imminent danger of serious bodily injury is their testimony that he pointed a gun at
them, and because this testimony describes an intentional act, the court must have found him
guilty of aggravated assault if it had found the testimony credible. (1) We disagree. 

 The trier of fact is free to selectively believe all or part of the testimony introduced
by either side. See Jones v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998). Credibility
is a matter reserved for the factfinder. See Cain v. State, 958 S.W.2d 404, 409 (Tex. Crim. App.
1997). What weight to give contradictory testimony is within the sole province of the factfinder
because it depends largely on an evaluation of the witnesses' credibility and demeanor. See id.
at 408-09. 

 At trial, Freeman testified that he could not recall whether he picked up the gun
during his conversation with the teenagers. The teenagers testified that Freeman pointed the gun
at them while threatening them. It is within the province of the trial court to find credible the two
teenagers' testimony that Freeman picked up the gun and pointed it in their direction, while not
finding credible their testimony that he purposefully pointed the gun at them while threatening to
mow them down. 

 Moreover, the trial court was not required to find that Freeman pointed the gun at
the teenagers in order to convict him of deadly conduct. If the trial court believed that Freeman
picked up the gun and handled it carelessly during his angry speech--a scenario consistent with
Freeman's testimony--there would no longer be a presumption of recklessness; nonetheless, the
trial court could have found that Freeman recklessly put the victims in imminent danger of serious
bodily injury. While directing his anger towards Bryan and Rachael, Freeman carelessly handled
a loaded assault rifle. The danger of even an accidental discharge could be real enough to support
an inference that Freeman recklessly put Bryan and Rachel in imminent danger of serious bodily
injury. (2) We hold that Freeman's conviction was not so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust.


Conclusion 

 We hold that the evidence is factually sufficient to support Freeman's conviction
of deadly conduct. Accordingly, we overrule appellant's sole point of error and affirm the trial
court's judgment.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: July 27, 2000

Do Not Publish
1. To convict Freeman of aggravated assault the trial court would have had to find that
Freeman intentionally or knowingly threatened the two teenagers with imminent bodily injury
while exhibiting a deadly weapon. See Tex. Penal Code Ann. §§ 22.01(a)(2), 22.02(a)(2). 
2. The Texas Penal Code defines recklessness as follows: 


A person acts recklessly, or is reckless, with respect to the result of his conduct .
. . when he is aware of but consciously disregards a substantial and unjustifiable
risk that . . . the result will occur. The risk must be of such a nature and degree
that its disregard constitutes a gross deviation from the standard of care that an
ordinary person would exercise under all the circumstances as viewed from the
actor's standpoint. 


Tex. Penal Code Ann. § 6.03(c) (West 1994). 



 another in imminent danger of serious bodily injury--not that he did it intentionally or
knowingly, but that he was reckless in the action he took on that date in regard to those two
people." Freeman argues that the only evidence supporting a finding that he put Bryan and
Rachel in imminent danger of serious bodily injury is their testimony that he pointed a gun at
them, and because this testimony describes an intentional act, the court must have found him
guilty of aggravated assault if it had found the testimony credible. (1) We disagree. 

 The trier of fact is free to selectively believe all or part of the testimony introduced
by either side. See Jones v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998). Credibility
is a matter reserved for the factfinder. See Cain v. State, 958 S.W.2d 404, 409 (Tex. Crim. App.
1997). What weight to give contradictory testimony is within the sole province of the factfinder
because it depends largely on an evaluation of the witnesses' credibility and demeanor. See id.
at 408-09. 

 At trial, Freeman testified that he could not recall whether he picked up the gun
during his conversation with the teenagers. The teenagers testified that Freeman pointed the gun
at them while threatening them. It is within the province of the trial court to find credible the two
teenagers' testimony that Freeman picked up the gun and pointed it in their direction, while not
finding credible their testimony that he purposefully pointed the gun at them while threatening to
mow them down. 

 Moreover, the trial court was not required to find that Freeman pointed the gun at
the teenagers in order to convict him of deadly conduct. If the trial court believed that Freeman
picked up the gun and handled it carelessly during his angry speech--a scenario consistent with
Freeman's testimony--there would no longer be a presumption of recklessness; nonetheless, the
trial court could have found that Freeman recklessly put the victims in imminent danger of serious
bodily injury. While directing his anger towards Bryan and Rachael, Freeman carelessly handled
a loaded assault rifle. The danger of even an accidental discharge could be real enough to support
an inference that Freeman recklessly put Bryan and Rachel in imminent danger of serious bodily
injury. (2) We hold that Freeman's conviction was not so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust.