Affirmed and Memorandum Opinion filed January 27, 2009








Affirmed and Memorandum Opinion filed January 27, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00124-CR

____________

 

HORACE ALEXANDER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1069078

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Horace Alexander, guilty of assault
on a public servant.  See Tex. Penal Code Ann. ' 22.01(b)(1)
(Vernon 2003).        Enhanced with two prior felony convictions, the trial
court assessed punishment at twenty-five years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  In two
issues, appellant argues (1) the evidence is legally and factually insufficient
to support his conviction; and (2) he received ineffective assistance of counsel. 
We affirm.








Factual and Procedural History

On May 16, 2006, Deputy Brian Thomas Rice, together with
his partner Manuel Diaz,  arrived at appellant=s home to serve
him with an apprehension and detention order to transport him to a hospital for
a mental evaluation.  Deputy Rice was dressed in plain clothes with his badge
clearly visible around his neck.  After Deputy Rice advised appellant of his
intentions, appellant told the deputy he was not going to the hospital. 
However, appellant complied by placing his hands behind his back when he
observed Deputy Rice=s taser, and was handcuffed by Deputy
Diaz.  Appellant was apparently upset by the deputies and cursed them.[1] 
The officers subsequently transported appellant in their vehicle to Twelve Oaks
Hospital.

At the hospital, Deputy Rice, Deputy Diaz, and Nathaniel
Jones, a security officer with the hospital, escorted appellant to the
admissions area.  Immediately after Deputy Rice removed appellant=s handcuffs,
appellant turned around and punched Deputy Rice in the face with a closed fist,
causing the deputy considerable pain and swelling.  Appellant then stepped
forward a few steps, turned around, and took a fighting stance.  During the
incident, appellant yelled, Abitch.@  Deputy Diaz and
Mr. Jones assisted Deputy Rice in regaining control of appellant.

During trial, Dr. Shayna Lee, M.D., a psychiatrist,
testified appellant suffers from paranoid schizophrenia, is delusional, and is
mentally ill.  She testified he suffers from diminished capacity as a result of
his mental illness.  She also testified that external stimuli, such as seeing
police officers in uniform, may set in motion his paranoid delusions.  During
cross examination she admitted appellant, during the offense, could have been
acting out of aggression, rather than a delusion, because he did not like the
situation he was in.








The jury found appellant guilty of assault on a pubic
servant.  Appellant entered a plea of Atrue@ to the two
enhancement paragraphs for prior felony convictions.  The trial court found the
allegations in the enhancement paragraphs true and assessed appellant=s punishment at
twenty-five years= confinement in the Institutional Division
in the Texas Department of Criminal Justice.

Discussion

A.      Was the
evidence legally and factually sufficient?

In his first issue, appellant argues the evidence is
legally and factually insufficient to support his conviction for assault on a
public servant.  

1.       Standard
of Review

In a legal sufficiency review, we view all the evidence in
the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.
2781, 2789, 61 L.Ed.2d 560 (1979); Salinas v. State, 163 S.W.3d 734, 737
(Tex. Crim. App. 2005).  The jury, as the sole judge of the credibility of the
witnesses, is free to believe or disbelieve all or part of a witness= testimony.  Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  We do not engage in
a second evaluation of the weight and credibility of the evidence, but only
ensure the jury reached a rational decision.  Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784
(Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).








In a factual sufficiency review, we consider all the
evidence in a neutral light.  Prible v. State, 175 S.W.3d 724, 730-31
(Tex. Crim. App. 2005).  First, when considered by itself, evidence supporting
the verdict may be so weak the verdict is clearly wrong and manifestly unjust. 
Id.  Second, where the evidence both supports and contradicts the
verdict, the contrary evidence may be strong enough the
beyond-a-reasonable-doubt standard could not have been met.  Id.  In conducting
a factual sufficiency review, we must employ appropriate deference so we do not
substitute our judgment for that of the fact finder.  Jones v. State,
944 S.W.2d 642, 648 (Tex. Crim. App. 1996).  Our analysis must consider the
evidence appellant claims is most important in allegedly undermining the jury=s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

2.       Analysis

A person commits the crime of assault on a public servant
if he: (1) intentionally, knowingly, or recklessly causes bodily injury; (2) to
a person the actor knows to be a public servant; and (3) while the public
servant is lawfully discharging an official duty.  Tex. Penal Code Ann. ' 22.01(b)(1).  The
actor is presumed to have known the person was a public servant if the person
was wearing a distinctive uniform or badge indicating employment as a public
servant at the time.  Id. ' 22.01(d).  

Appellant argues the following conflicting evidence
substantially outweighs the evidence favoring his conviction and undermines the
jury=s verdict: (1)
appellant is a mentally ill person; (2) appellant suffers from paranoid
schizophrenia; (3) Dr. Lee reported that the external stimuli of the police
officer and the handcuffs set off appellant and he engaged in violent behavior
because of his mental illness rather than because he wanted to engage in such
behavior; and (4) the lack of evidence as to planning, aggressive posturing
prior to the incident occurring, and Deputy Rice being blind sided by the
attack.

Evidence supporting appellant=s conviction was
presented through testimony by Deputy Rice, Mr. Jones, and Sherrell Jina
Sheppard, a social worker at the hospital.  The witnesses testified appellant
struck Deputy Rice with a closed fist in the face after his hand cuffs were
removed, and then took a fighting stance.  They also testified appellant cursed
at the officers.  Furthermore, during cross-examination, Dr. Lee testified as
follows:








Q:      Someone whose [sic] paranoid schizophrenic
may act out of aggression not because of schizophrenia or delusional [sic] but
because they don=t like the situation they=re in?

A:      That=s correct.

Hearing
this, the jury is free to disbelieve appellant acted out of being mentally ill,
but rather out of aggression.  It is within the sole province of the jury to
reconcile conflicts, contradictions, and inconsistencies in the evidence.  Cooks
v. State, 844 S.W.2d 697, 708 (Tex. Crim. App. 1992), cert. denied,
509 U.S. 927, 113 S. S.Ct. 3048, 125 Led.2d 732 (1993).  Here, the jury heard
and considered the inconsistencies in the testimony and, based on the evidence
before it, determined appellant was guilty  of assault on a public servant.

Viewing the evidence in the light most favorable to the
verdict, we hold the evidence is legally sufficient to support appellant=s conviction for
assault on a public servant because any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  See Salinas,
163 S.W.3d at 737.  Viewing the evidence in a neutral light, we hold the
evidence supporting the verdict is neither so weak the verdict is clearly wrong
and manifestly unjust, nor is the contrary evidence so strong the
beyond-a-reasonable-doubt standard could not have been met.  See Prible,
175 S.W.3d at 730-31.  Thus, the evidence is factually sufficient to support
appellant=s conviction.  We overrule appellant=s first issue.

B.      Did
appellant receive ineffective assistance of counsel?

Appellant contends he received ineffective assistance of
counsel because his trial counsel failed to contest appellant=s competency
between the September 21, 2007 report finding appellant incompetent to stand
trial and the trial court=s restoration of competency order on
February 5, 2008.








In reviewing claims of ineffective assistance of counsel,
we apply a two-prong test.  See Salinas v. State, 163 S.W.3d at 740
(citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984)).  To establish ineffective assistance of counsel, appellant
must prove by a preponderance of the evidence that (1) his trial counsel=s representation
was deficient in that it fell below the standard of prevailing professional
norms; and (2) there is a reasonable probability that, but for counsel=s deficiency, the
result of the trial would have been different.  Id.

Appellant concedes he fails to meet the first prong of the
test and does not brief the second prong.[2] 
Thus, we need not address appellant=s ineffective
assistance of counsel claim.  See Cardenas v. State, 30 S.W.3d 384, 393
(Tex. Crim. App. 2000) (waiving the issue by failing to present adequate
argument and authorities as required by Texas Rule of Appellate Procedure
38.1(h)).  Accordingly, we overrule appellant=s second issue.

Conclusion

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P.
47.2(b).                                                                

 

 

 

 









[1]  Stating: AI hate you MFers.  You know I=m B you know I don=t need to go to the hospital.  I
hate y=all.  Y=all need to leave me alone.@ 





[2]  The language in Appellant=s brief is the following: ATherefore, based upon the record presented, the first
prong of the [test] has clearly not been met.  The second prong need not be
addressed.@