COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-095-CR

 

 

ADA LOUISE MALONE                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 5 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Ada Louise Malone appeals her
conviction for assaultCbodily injury.  The trial court sentenced appellant to 365
days=
confinement in the Tarrant County Jail, but it suspended imposition of her
sentence and placed her on community supervision for eighteen months.  In a single point, appellant challenges the
factual sufficiency of the evidence to support her conviction.  We will affirm.








On May, 29, 2007, Allan Chandler helped his
neighbor, Elizabeth Malone, pack up her belongings at her house.  Appellant called Elizabeth on the telephone
and became angry when she learned that Allan was at Elizabeth=s house.[2]  Before hanging up, appellant told Elizabeth
that she Awas not going to let [Elizabeth]
ruin [her] life [by] being with Allan@ and
that she Awas going to come over there and
knock him in the head with a hammer.@  Elizabeth told Allan that appellant was
coming over to hit him in the head with a hammer, and Allan indicated that he
would meet appellant at a gate located at the front of the house to Atry to
get the hammer away from her and make sure it doesn=t
happen.@








Appellant arrived at Elizabeth=s house
about fifteen to twenty minutes later. 
Allan saw appellant get a hammer out of her car.  When Allan confronted appellant at the gate,
appellant swung the hammer at Allan, striking his head and causing him to
become Adrenched
in blood.@ 
Allan and appellant ended up on the ground as Allan struggled to take
the hammer away from appellant.  Allan
gained control of the hammer and returned inside with Elizabeth.  Appellant asked for her hammer back, but
Allan did not return it to her. 
Appellant left the residence, but she later returned and banged on the
door before leaving again.

At trial, appellant testified that she struck
Allan with the hammer because Allan was on top of her and because he was
beating her head against the sidewalk. 
The trial court=s jury charge included a
self-defense instruction.  This appeal
followed appellant=s conviction.

Appellant argues in her sole point that the
evidence is factually insufficient to support her conviction because the
evidence demonstrating that she was acting in self-defense Ais
strong enough to undermine the beyond a reasonable doubt standard of proof
required to sustain@ her conviction.  She contends that the evidence in the record
is consistent with her account that Ashe was
only defending herself against [Allan=s]
unlawful use of force against her@ and
that the State=s version of events Asimply
does not make sense.@








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Neal v. State,
256 S.W.3d 264, 275 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct.
1037 (2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006).  We then ask whether the evidence
supporting the conviction, although legally sufficient, is nevertheless so weak
that the factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s determination
is manifestly unjust.  Lancon v. State,
253 S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15,
417.  To reverse under the second ground,
we must determine, with some objective basis in the record, that the great
weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.








In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We may not simply substitute our judgment for the factfinder=s.  Johnson v. State, 23 S.W.3d 1, 12
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).  Unless the record clearly
reveals that a different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at 8.  Thus, unless we conclude that it is necessary
to correct manifest injustice, we must give due deference to the factfinder=s
determinations,A particularly those
determinations concerning the weight and credibility of the evidence.@  Id. at 9.  Our deference in this regard safeguards the
defendant=s right to a trial by jury.  Lancon, 253 S.W.3d at 704.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).

A person commits assault if the person
intentionally or knowingly causes bodily injury to another.  Tex. Penal Code Ann. ' 22.01(a)(1)
(Vernon Supp. 2008).  A person acts
intentionally with respect to the nature of his conduct or to a result of his
conduct when it is his conscious objective or desire to engage in the conduct
or cause the result.  Id. ' 6.03(a)
(Vernon 2003).  A person acts knowingly
with respect to the nature of his conduct or to circumstances surrounding his
conduct when he is aware of the nature of his conduct or that the circumstances
exist.  Id. ' 6.03(b).  Intent may be inferred from the acts, words,
and conduct of the accused.  Guevara
v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).  ABodily
injury@ means
physical pain, illness, or any impairment of physical condition.  Tex. Penal Code Ann. ' 1.07(a)(8)
(Vernon Supp. 2008).








According to the State, Allan was at Elizabeth=s house
when appellant called Elizabeth on the telephone.  Appellant became mad when she learned that
Allan was at Elizabeth=s house, and she indicated that
she was coming over to Elizabeth=s house
to hit Allan on the head with a hammer. 
Appellant arrived fifteen to twenty minutes later and struck Allan on
his head with a hammer when she met him at the gate.  The hammer strike hurt Allan, it caused him
to bleed, and it left two Agashes@ on his
head.  Appellant was described as being
in a Arage@ during
the confrontation.

According to appellant=s
testimony, she went to Elizabeth=s house
to pick up her hammer.  As she was
leaving, Elizabeth said, AShe=s got a
bunch of my stuff at her house.  Don=t let
her leave.@ 
Allan grabbed appellant, and they fell to the ground.  Allan attempted to take the hammer from
appellant, he beat her head against the sidewalk, and he would not get off of
her.  Appellant hit Allan in the head
with the hammer because he was Apounding@ her
head into the sidewalk and because he would not get off of her.  Appellant testified that she was defending
herself from Allan.








Appellant=s
testimony that she acted in self-defense conflicts with Allan=s and
Elizabeth=s testimony that appellant was
the aggressor.  As the sole judge of the
credibility of the witnesses and the weight to be given the testimony, however,
the jury was free to believe or disbelieve all or part of any witness=s
testimony, including appellant=s testimony.  See Johnson, 23 S.W.3d at 8B9; Jones
v. State, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998).  Having convicted appellant, the jury afforded
appellant=s testimony that she acted in
self-defense little, if any, weight.  The
jury=s
decision is not manifestly unjust merely because it resolved conflicting views
of the evidence in favor of the State instead of appellant.  See Cain, 958 S.W.2d at 410.

As we must, we give due deference to the jury=s
determination of the weight it gave to appellant=s
contradictory testimonial self-defense evidence.  See Johnson, 23 S.W.3d at 9.  Consequently, viewing all the evidence in a
neutral light, favoring neither party, the evidence supporting appellant=s
conviction is not so weak that the verdict is clearly wrong and manifestly
unjust, nor does the conflicting evidence that appellant acted to defend
herself from Allan so greatly outweigh the evidence supporting the verdict that
the jury=s
determination is manifestly unjust.  See
Lancon, 253 S.W.3d at 704; Watson, 204 S.W.3d at 414B15,
417.  Accordingly, the evidence is
factually sufficient to support appellant=s
conviction.  We overrule appellant=s sole
point and affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL:  MEIER, J.; CAYCE, C.J.;
and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]Elizabeth=s husband, Ivan, died a
few weeks earlier on May 10, 2007, from ACOPD@ (Chronic Obstructive Pulmonary Disease).  Ivan=s sister, Carolyn, died in February 2007 of ACOPD.@  Appellant, who is the sister of Ivan and
Carolyn, blamed Allan, who smokes, for the deaths of both Ivan and Carolyn.