

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-095-CR

ADA LOUISE MALONE                                               APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Ada Louise Malone appeals her conviction for assault—bodily injury. The trial court sentenced appellant to 365 days' confinement in the Tarrant County Jail, but it suspended imposition of her sentence and placed her on community supervision for eighteen months. In a single point, appellant challenges the factual sufficiency of the evidence to support her conviction. We will affirm.

---

[1] See Tex. R. App. P. 47.4.

On May, 29, 2007, Allan Chandler helped his neighbor, Elizabeth Malone, pack up her belongings at her house. Appellant called Elizabeth on the telephone and became angry when she learned that Allan was at Elizabeth's house.[2] Before hanging up, appellant told Elizabeth that she "was not going to let [Elizabeth] ruin [her] life [by] being with Allan" and that she "was going to come over there and knock him in the head with a hammer." Elizabeth told Allan that appellant was coming over to hit him in the head with a hammer, and Allan indicated that he would meet appellant at a gate located at the front of the house to "try to get the hammer away from her and make sure it doesn't happen."

Appellant arrived at Elizabeth's house about fifteen to twenty minutes later. Allan saw appellant get a hammer out of her car. When Allan confronted appellant at the gate, appellant swung the hammer at Allan, striking his head and causing him to become "drenched in blood." Allan and appellant ended up on the ground as Allan struggled to take the hammer away from appellant. Allan gained control of the hammer and returned inside with Elizabeth. Appellant asked for her hammer back, but Allan did not return it to her.

---

[2] Elizabeth's husband, Ivan, died a few weeks earlier on May 10, 2007, from "COPD" (Chronic Obstructive Pulmonary Disease). Ivan's sister, Carolyn, died in February 2007 of "COPD." Appellant, who is the sister of Ivan and Carolyn, blamed Allan, who smokes, for the deaths of both Ivan and Carolyn.

Appellant left the residence, but she later returned and banged on the door before leaving again.

At trial, appellant testified that she struck Allan with the hammer because Allan was on top of her and because he was beating her head against the sidewalk. The trial court's jury charge included a self-defense instruction. This appeal followed appellant's conviction.

Appellant argues in her sole point that the evidence is factually insufficient to support her conviction because the evidence demonstrating that she was acting in self-defense "is strong enough to undermine the beyond a reasonable doubt standard of proof required to sustain" her conviction. She contends that the evidence in the record is consistent with her account that "she was only defending herself against [Allan's] unlawful use of force against her" and that the State's version of events "simply does not make sense."

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 1037 (2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly

outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417. To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court "harbor a subjective level of reasonable doubt to overturn [the] conviction." *Id*. We may not simply substitute our judgment for the factfinder's. *Johnson v. State*, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Thus, unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the factfinder's determinations," particularly those determinations concerning the weight and credibility of the evidence." *Id*. at 9. Our deference

4

in this regard safeguards the defendant's right to a trial by jury. *Lancon,* 253 S.W.3d at 704. An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

A person commits assault if the person intentionally or knowingly causes bodily injury to another. Tex. Penal Code Ann. § 22.01(a)(1) (Vernon Supp. 2008). A person acts intentionally with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *Id*. § 6.03(a) (Vernon 2003). A person acts knowingly with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *Id*. § 6.03(b). Intent may be inferred from the acts, words, and conduct of the accused. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). "Bodily injury" means physical pain, illness, or any impairment of physical condition. Tex. Penal Code Ann. § 1.07(a)(8) (Vernon Supp. 2008).

According to the State, Allan was at Elizabeth's house when appellant called Elizabeth on the telephone. Appellant became mad when she learned that Allan was at Elizabeth's house, and she indicated that she was coming

5

over to Elizabeth's house to hit Allan on the head with a hammer. Appellant arrived fifteen to twenty minutes later and struck Allan on his head with a hammer when she met him at the gate. The hammer strike hurt Allan, it caused him to bleed, and it left two "gashes" on his head. Appellant was described as being in a "rage" during the confrontation.

According to appellant's testimony, she went to Elizabeth's house to pick up her hammer. As she was leaving, Elizabeth said, "She's got a bunch of my stuff at her house. Don't let her leave." Allan grabbed appellant, and they fell to the ground. Allan attempted to take the hammer from appellant, he beat her head against the sidewalk, and he would not get off of her. Appellant hit Allan in the head with the hammer because he was "pounding" her head into the sidewalk and because he would not get off of her. Appellant testified that she was defending herself from Allan.

Appellant's testimony that she acted in self-defense conflicts with Allan's and Elizabeth's testimony that appellant was the aggressor. As the sole judge of the credibility of the witnesses and the weight to be given the testimony, however, the jury was free to believe or disbelieve all or part of any witness's testimony, including appellant's testimony. *See Johnson*, 23 S.W.3d at 8–9; *Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998). Having convicted appellant, the jury afforded appellant's testimony that she acted in

self-defense little, if any, weight. The jury's decision is not manifestly unjust merely because it resolved conflicting views of the evidence in favor of the State instead of appellant. *See Cain*, 958 S.W.2d at 410.

As we must, we give due deference to the jury's determination of the weight it gave to appellant's contradictory testimonial self-defense evidence. *See Johnson*, 23 S.W.3d at 9. Consequently, viewing all the evidence in a neutral light, favoring neither party, the evidence supporting appellant's conviction is not so weak that the verdict is clearly wrong and manifestly unjust, nor does the conflicting evidence that appellant acted to defend herself from Allan so greatly outweigh the evidence supporting the verdict that the jury's determination is manifestly unjust. *See Lancon*, 253 S.W.3d at 704; *Watson*, 204 S.W.3d at 414–15, 417. Accordingly, the evidence is factually sufficient to support appellant's conviction. We overrule appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 19, 2009

7