PD-0517-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/4/2015 4:02:06 PM
Accepted 5/4/2015 4:53:22 PM
ABEL ACOSTA
CLERK

NO.

# IN THE COURT OF CRIMINAL APPEALS OF

# OF THE STATE OF TEXAS

# AT AUSTIN, TEXAS

_____

No. 01-14-00277-CR
IN THE COURT OF APPEALS
FOR THE
FIRST SUPREME JUDICIAL DISTRICT
AT HOUSTON

_____

| | | |
|---|---|---|
| SHANE MIKEL | § | APPELLANT |
| V. | § | |
| STATE OF TEXAS | § | APPELLEE |

_____

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

FILED IN
COURT OF CRIMINAL APPEALS

May 4, 2015

ABEL ACOSTA, CLERK

J. SIDNEY CROWLEY
214 Morton St.
Richmond. Tx. 77469
TBC No. 05170200
Attorney for Appellant

## INTERESTED PARTIES

TRIAL JUDGE
Hon. Mary Lou Keel
232nd District Court of Harris County

APPELLANT
Shane Allen Mikel
Texas Department of Criminal Justice
Institutional Division

TRIAL COUNSEL
 Thomas J. Lewis
1602 Washington Avenue
Houston, Texas 77007

APPELLATE COUNSEL
J. Sidney Crowley
214 Morton St.
Richmond, Texas 77469

STATE OF TEXAS
Devon Anderson
District Attorney, Harris County
1201 Franklin St.
Houston, Texas 77002

Markay Stroud
Assistant District Attorney
Harris County, Texas

# TABLE OF CONTENTS

INTERESTED PARTIES.............................................................................2

LIST OF AUTHORITIES..........................................................................4

STATEMENT REGARDING ORAL ARGUMENT................................................5

STATEMENT OF THE CASE......................................................................6

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE.....................7

GROUNDS FOR REVIEW.........................................................................8

GROUND FOR REVIEW NUMBER ONE

    The Court of Appeals erred when that the evidence was legally sufficient
    to support the verdict of the jury...................................................................9

PRAYER FOR RELIEF.............................................................................11

CERTIFICATE OF COMPLIANCE............................................................12

CERTIFICATE OF SERVICE.....................................................................12

APPENDIX A. (OPINION BELOW)...........................................................13

# LIST OF AUTHORITIES

Cases

Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000)...................................10

Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 (1989)..........................................9

Jones v. State, 984 S.W.2d 254, 257 (Tex.Crim.App. 1998)....................................9

King v.State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000)......................................10

Losada v. State, 721 S.W.2d 305, 309 (Tex.Crim.App. 1986)..................................9

Muniz v. State, 851 S.W.2d 238, 246 (Tex.Crim.App. 1993).................................10

Salinas v. State, 163 S.W.2d 734, 737 (Tex.Crim.App. 2005)..................................9

Sharp v. State, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986)....................................9

Wesbrook v. State, 29 S.W.3d 103,111 (Tex.Crim.App. 2000).................................9

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that oral argument is not necessary in this case.

## STATEMENT OF THE CASE

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Appellant was convicted by a jury of the felony offense aggravated robbery and assessed a punishment of confinement in the Texas Department of Criminal Justice, Correctional Division, for a period of twenty years.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellant's appeal was affirmed in an unpublished opinion of the First Court of Appeals rendered April 7, 2015. No motion for rehearing was filed.

GROUND FOR REVIEW NUMBER ONE:

The Court of Appeals erred when it held that the evidence was legally sufficient to support the verdict of the jury.

## GROUND FOR REVIEW NUMBER ONE

The Court of Appeals erred when it held that the evidence was legally sufficient to support the verdict of the jury.

### Argument and Authorities

In a legal sufficiency review the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 (1979); Salinas v. State, 163 S.W.3d 734, 737 (Tex.Crim.App. 2005); Wesbrook v. State, 29 S.W.3d 103, 111, (Tex.Crim.App. 2000); The jury as the sole judge of the credibility of the witnesses, is free to believe or disbelieve all or part of a witness' testimony. Jones v. State, 984 S.W.2d 254, 257 (Tex.Crim.App. 1998). The jury may reasonably infer facts from the evidence presented, credit the witnesses it chooses to, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986). Reconciliation of conflicts in the evidence is within the jury's discretion and such conflicts alone will not warrant reversal if there is enough credible evidence to support a conviction. Losada v. State, 721 S.W.2d 305, 309 (Tex.Crim.App. 1986). An appellate court may not reevaluate the weight and credibility of the evidence produced at trial and in so doing substitute

its judgement for that of the factfinder. King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). Inconsistencies in the evidence are resolved in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000). The appellate court does not engage in a second evaluation of the weight and credibility of the evidence, but only ensures that the jury reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex.Crim.App. 1993).

In Appellant's case the complainant could not identify Appellant as one of the robbers and indeed was unable to identify anyone because the men were masked. Similarly, Rafael Zavala testified that three masked men stole his truck but did not identify Appellant as one of them. Zafala did not observe the robbery and did not positively link the men who robbed his truck as the same ones who had robbed the complainant's store. Although officer Robles testified that Appellant was one of the men in the truck, his chance for observation was fleeting. When Appellant was apprehended he was not wearing the clothes that were described by officer Robles. In addition, no proceeds from the robbery or a weapon was found on Appellant's person. Combined with the testimony of Appellant and his witnesses, no rational trier of fact could have found beyond a reasonable doubt that Appellant participated in the robbery of the complainant's store. The Court of Appeals was in error when it held otherwise.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Court grant this Petition for Discretionary Review, that the case be set for submission; that after submission this Court reverse the judgement of the Court of Appeals and order an ACQUITTAL.

Respectfully submitted,

/s/ J. Sidney Crowley

J. Sidney Crowley
214 Morton St.
Richmond, Tx. 77469
(281)232-8332
TBC No. 05170200

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains 988 words, generated by computer.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been e-served to the Harris County District Attorney's Office, and to Lisa C. McMinn, State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, this the 4th day of May, 2014.

/s/ J. Sidney Crowley

**Opinion issued April 7, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00277-CR

———————————

**SHANE ALLEN MIKEL, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1372459**

---

## MEMORANDUM OPINION

A jury found appellant, Shane Allen Mikel, guilty of the offense of

aggravated robbery[1] and assessed his punishment at confinement for twenty years.

---

[1]     *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b) (Vernon 2011).

In his sole issue, appellant contends that the evidence is legally insufficient to support his conviction.

We affirm.

## Background

The complainant, Inayat Maredia, testified that on December 28, 2012, while he was working alone at his grocery store on Canal Street in Houston, he noticed three men, wearing masks, approaching the store. One of the men, holding a gun, was wearing a gray sweater with a horizontal red stripe and white tennis shoes. And the complainant, through video feeds of the store's security cameras, saw smaller guns in the hands of the other two men. He ducked under the check-out counter and pushed a button to lock his front doors automatically, but a customer held the doors open, which allowed the men to enter before the doors could lock. The doors then closed, locking the men in the store.

The man wearing the gray sweater and white tennis shoes jumped over the counter, went into the store's office, and took a cash box containing $60,000. One of the other men began shooting at the locked door in an effort to open it. Throughout this time, the complainant sat on the floor, afraid that one of the men might shoot or kill him. When the three men left the store and walked into the parking lot, the complainant telephoned for emergency assistance. The store's surveillance videotapes, which were admitted into evidence, show the men

2

entering and exiting the store, the man in the gray sweater and white tennis shoes jumping over the counter, and the subsequent events that occurred in the parking lot.

Raphael Zavala, a regular customer at the complainant's grocery store, testified that he was in his truck outside the store when he heard a loud noise from inside the store. When he exited his truck to investigate, he discovered broken glass at the front of the store. Zavala returned to his truck, where he was accosted by three men wearing ski masks, at least two of whom had guns. When one of the men told Zavala in Spanish, "Give me the keys or I will kill you," he handed over his keys. The same man, holding what Zavala described as a "machine gun," fired a shot into the ground and the masked men then got into Zavala's truck and drove off. Zavala flagged down Houston Police Department ("HPD") Officer J. Robles, who happened to be driving by, and explained what had happened. After Officer Robles told Zavala to stay where he was, he pursued the robbers.

Officer Robles testified that while on patrol near the grocery store on December 28, 2012, he heard multiple gunshots and slowed his patrol car to determine from where the shots were fired. A man then ran up to his patrol car from the grocery store and stated that men were taking his truck and wanted to kill him. As Robles told the man to wait for him, a truck "flew out of the parking lot" of the grocery store at high speed, and the man identified the truck as his. Robles

3

followed the truck down Canal Street and North Edgewood Street until it crossed over Avenue I, at which point three men began "hopping out" without stopping the truck, which eventually collided with a parked vehicle. Robles then drew his gun and commanded the men to "get down." One man complied, but the others did not. And one of the men who refused to stop was wearing "a gray sweater with a red line in the center," which Robles identified as in evidence, and dark blue jeans. When Robles was within a few yards of this man, he saw his face clearly, but lost eye contact with him at the corner of Avenue I and Engle Street.

Officer Robles then described the fleeing suspects over the radio in his patrol car. When he searched the truck, he found an AK-47 rifle that contained a magazine loaded with eleven live rounds of ammunition. The man that Robles detained, Daniel Edison, admitted that the gun was his. After another officer detained appellant and brought him to Robles, Robles identified him as the man he had seen wearing the gray sweater, and he identified him in court for the jury. The third man who had been in the truck was never apprehended or identified.

HPD Officer R. Carreon testified that when he arrived at Officer Robles's location, he found a mask and a glove. He then spoke with a witness, Herrero, who stated that he had just seen a white man take off and discard a gray sweater, and then run away. Herrero also told Carreon that the man was wearing baggy

4

jeans and a baby blue t-shirt. Carreon then found in a ditch on Engle the gray sweater, which he identified in evidence.

Diana Gutierrez testified that on December 28, 2012, she and her father had stopped in their car at the corner of Canal and Lenox, where they saw police activity. She saw a white man wearing long khaki shorts, "bright white" tennis shoes, and a "greenish bluish short sleeve shirt," walking quickly. The man and his attire struck Gutierrez as unusual because "everybody in that neighborhood is basically Hispanic," and "[i]t was cold so [the man's clothing] was just kind of awkward." And she noted that the man had "real short" and "kind of scruffy" hair. Gutierrez then identified appellant in court as the man that she had seen.

Former HPD Officer R. Trejo[2] testified that on December 28, 2012, he assisted in the search for suspects in the robbery. Over the radio in his patrol car, he heard a description of a suspect as a white male wearing a blue shirt with brown, khaki shorts. He then saw, walking along Canal Street, a man matching the description, sweating, flushed, and red in the face. Trejo detained the man, and he identified appellant in court as the man that he had detained. Other officers took the man back to Officer Robles, who identified him at the scene as the same person that he had seen wearing the gray sweater with a red stripe "just minutes before."

---

[2] Officer Trejo retired before trial.

5

Courtney Price testified that she met appellant at the home of a mutual friend, Kate, in Houston the night before the robbery. She noted that appellant, who was wearing blue jeans and a t-shirt at the time, had used methamphetamine with her throughout the night before the robbery and into the next morning, until about noon. Price, Kate, and appellant then left in Kate's car, and Kate and Price stopped several times on the street to ask people for narcotics. Price explained that appellant, who was high on methamphetamine, then "freaked out" because he "didn't want to be there. It made him paranoid." He left Price and Kate at around 12:30 or 12:45 p.m.

Appellant testified that he has had "a problem with drugs off and on most of [his] life." He further testified, consistent with Price, that he had used narcotics throughout the night before the robbery at an apartment in Houston. Around noon on the day of the robbery, just a few minutes after he exited Kate's car, a police officer confronted and arrested him. Appellant denied participating in the robbery, being present at the complainant's grocery store, or having a gun in his possession on the date of the robbery.

**Standard of Review**

We review the legal sufficiency of the evidence by considering all of the evidence "in the light most favorable to the prosecution" to determine whether any "rational trier of fact could have found the essential elements of the crime beyond a

6

reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979). Our role is that of a due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. *See Moreno v. State*, 755 S. W.2d 866, 867 (Tex. Crim. App. 1988). We give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). However, our duty requires us to "ensure that the evidence presented actually supports a conclusion that the defendant committed" the criminal offense of which he is accused. *Id.*

### Sufficiency of the Evidence

In his sole issue, appellant argues that the evidence is legally insufficient to support his conviction because neither the complainant nor Zavala saw the robbers' faces; Zavala did not observe the robbery and "did not positively [identify] the men who robbed his truck as the same ones who had robbed the . . . store"; Officer Robles's "chance for observation was fleeting"; appellant, when detained, was not wearing the same clothes described by Robles; and appellant was not carrying cash from the robbery or a weapon when he was detained. He asserts that given these facts, combined with the testimony given by him and Price, "no rational trier of

7

fact could have found beyond a reasonable doubt that [he] participated in the robbery of the complainant's store."

A person commits theft if he "unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2014). He commits the offense of robbery if, in the course of committing theft and with intent to obtain or maintain control of property, he (1) intentionally, knowingly, or recklessly causes bodily injury to another or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *Id.* § 29.02(a) (Vernon 2011). The robbery is aggravated if he does any of the following three things:

(1)    causes serious bodily injury to another;

(2)    uses or exhibits a deadly weapon; or

(3)    causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:

(A)    65 years of age or older; or

(B)    a disabled person.

*Id.* § 29.03(a) (Vernon 2011).

In this case, the testimony of the complainant and the videotape from surveillance cameras in his store establish that on December 28, 2012 three men, each carrying a gun and wearing a mask, entered and robbed the complainant's

8

store, placing the complainant in fear of imminent bodily injury or death. The videotape shows that the man who took the cash box wore a gray sweater with a horizontal red stripe. It also shows that one of the men fired shots at the store's door in an effort to open it to exit the store after the door had locked. The testimony of Zavala and the videotape further show that the same men then stole Zavala's truck outside of the store, and one of the men fired a shot from his gun.

Moreover, both Zavala and Officer Robles testified that Zavala identified the truck for Robles, who immediately pursued the truck. And, Robles later saw three men exit the truck, one of whom, Edison, admitted to owning the rifle found in the truck and participating in the robbery. Robles got a clear look at the face of one of the other men, who had been in the truck and was wearing a gray sweater with a horizontal red stripe. After Robles had described the fleeing suspect over his radio, an eyewitness told Officer Carreon that he had just seen a white man, who was wearing a gray sweater, jeans, and a light blue shirt, remove his sweater. After Carreon recovered the sweater, Gutierrez saw a man in the same area matching the description that Robles had given earlier, except he was wearing khaki shorts. Officer Trejo then detained appellant, and Robles later identified appellant as the man who he had seen in Zavala's truck and who had been wearing a gray sweater with a red stripe. And Robles, Trejo, Gutierrez each identified appellant as the man that they had seen on December 28, 2012.

Given the above evidence, the jury could have reasonably concluded that the men who robbed the complainant's store were the same men who stole Zavala's truck and who later exited the truck in sight of Officer Robles. The jury could have further reasonably concluded, based on Robles's positive identification of appellant as one of the men he saw exit the truck, that appellant was one of the robbers. This conclusion is further supported by Officer Carreon's testimony that he found a mask and Herrero had told him that he had just seen a man in the same area removing a sweater with a red stripe, revealing a baby-blue t-shirt. Moreover, Gutierrez placed appellant in the same area as the suspect, and Officer Trejo testified that he detained appellant in the area and he was wearing clothes matching the description given to him by Gutierrez and Herrero. "[T]he jury was free to take all of the evidence into account and to believe or disbelieve any portion of [the defendant's] statements." *Sorto v. State*, 173 S.W.3d 469, 475 (Tex. Crim. App. 2005). It was thus free to reject both appellant's and Price's testimony.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the jury could have reasonably found, beyond a reasonable doubt, that appellant committed a robbery of the complainant's grocery store and, in the process of committing the robbery, used and exhibited a firearm, a deadly weapon, placing the complainant in fear of imminent bodily injury or death. Accordingly, we hold that the evidence is legally sufficient to support appellant's conviction.

10

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).

11